Senator Bill KEITH, et al.

v.

**LOUISIANA DEPARTMENT OF EDUCATION, et al.**

Civ. A. No. 81–989–B.

United States District Court,
M. D. Louisiana.

Dec. 2, 1981.

William J. Guste, Jr., Atty. Gen. of La., Charles L. Patin, Jr., Cynthia D. Young, Asst. Attys. Gen., Baton Rouge, La., Patricia Bowers, Asst. Atty. Gen., New Orleans, La., for plaintiffs.

Andy Weltchek, New Orleans, La., for intervenors.

David Hamilton, Baton Rouge, La., for Louisiana Dept. of Ed. and Dr. J. Kelly Nix.

John DiGiulio, Baton Rouge, La., for Louisiana Bd. of Elementary and Secondary Ed. and Members of Said Bd.

Samuel I. Rosenberg, New Orleans, La., for Orleans Parish School Bd.

POLOZOLA, District Judge.

James Helis and eight other individuals have filed a motion to intervene in this litigation brought by Senator Bill Keith and numerous other parties which seeks a judgment declaring that the Louisiana Balanced Treatment Act (Act 685 of the 1981 Legislature), R.S. 17:286.1 et seq., 286.7, is constitutional.

Applicants contend that they are entitled to intervene of right under the provisions of Rule 24(a)(2) of the Federal Rules of Civil Procedure. In the alternative, applicants request that they be permitted to intervene pursuant to the Court's discretionary power under Rule 24(b)(2).

On March 8, 1982, the Court denied applicants' motion to intervene and noted that it would assign written · reasons for its decision at a later date. The Court now files its written reasons in support of its decision rendered on March 8, 1982.

The plaintiffs have filed this suit pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Plaintiffs contend that jurisdiction is conferred upon the Court under 28 U.S.C. § 1331 and the First, Ninth and Fourteenth Amendments to the United States Constitution. This suit was filed on behalf of the plaintiffs by William J. Guste, Jr., the Attorney General for the State of Louisiana. Named as defendants in the original complaint were the Louisiana Department of Education, J. Kelly Nix, Superintendent of Education, the State of Louisiana Board of Elementary and Secondary Education (BESE) and the individual members of the BESE Board. Prior to any responsive pleadings being filed, plaintiffs filed their first amended complaint which added additional parties as plaintiffs herein. Thereafter, a second amended complaint was filed which added the Orleans Parish School Board and the St. Tammany Parish School Board as defendants. After this second amended complaint was filed, applicants filed a motion to intervene as defendants and a motion to dismiss this suit.

Rule 24(a)(2) requires those who seek to intervene as a matter of right to satisfy four separate requirements:

1) the motion must be filed timely;

2) applicant must have an interest in the subject matter of the litigation;

3) the applicant must demonstrate a practical impairment of or impediment to those interests which would flow from the Court's refusal to allow the applicant to intervene; and

4) the applicant's interest cannot be adequately protected by the parties already in the litigation.

*NAACP v. New York,* 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973).

Unless the applicant satisfies each of the four requirements set forth above, the applicant is not entitled to intervene as a matter of right. *NAACP v. New York,* supra; *United States v. State of Louisiana,* 90 F.R.D. 358 (E.D.La.1981), affirmed 669 F.2d 314 (5 Cir. March 5, 1982). Assuming without deciding that applicants have satisfied the first two of the requirements set forth above, applicants have failed to prove that their interest, if any, will be impaired if they are not permitted to intervene and that their interest cannot be protected by the parties already in this litigation. Therefore, the Court finds that applicants should not be allowed to intervene as a matter of right under Rule 24(b)(2) because their interests are adequately protected by the present state and parish defendants and their interests will in no way be impaired by such representation.

The Fifth Circuit Court of Appeals set forth the general test for determining adequacy of representation in *Martin v. Kalvar Corp.,* 411 F.2d 552, 553 (5 Cir. 1969) as follows:

"Representation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor and if the representative does not fail in the fulfillment of his duty."

There is simply no collusion between the plaintiffs and defendants in this case. The plaintiffs strongly assert the constitutionality of the Balanced Treatment Act while

the defendants argue that the Act is unconstitutional. Furthermore, the Orleans Parish School Board, which is named as a defendant in this suit, has also filed a suit in the United States District Court for the Eastern District of Louisiana seeking to have the Act declared unconstitutional.

A careful comparison of the answers filed by the Department of Education, J. Kelly Nix and the BESE Board and the proposed answer which applicants seek to file if they are permitted to intervene in this action reveals that the named defendants have raised the same defenses as those proposed by applicants. In fact, the language used in the various answers is almost identical. Moreover, the suit filed by the Orleans Parish School Board in the Eastern District of Louisiana attacks the constitutionality of the Act on the same grounds which applicants alleged in their proposed answer. The Court's decision of March 8, 1982, has been supported by events which have occurred subsequent to the Court's decision.

Subsequent to the Court's order of March 8, 1982, the Orleans Parish School Board retained the same attorneys who filed the motion to intervene on behalf of the applicants.

The parties have also filed with the Court a "Preliminary Report" which sets forth the various contentions of the plaintiffs and defendants. This report sets forth the following major factual and legal contentions of the defendants:

"(b) In the defendants' view, as worded by the attorneys for Orleans Parish, (1) the major federal issues are it is indisputable that: (i) "creation" and "creation science" as used in the Act necessarily encompass the concept of a supernatural Creator, an inherently religious belief; (ii) the. legislative purpose of the Act was religious; (iii) the primary effect of the Act is to advance religion; (iv) the Act will require the government to review educational materials for religious content; and (v) the Act will engender political divisiveness along religious lines. In the defendants' view, (2) the major legal issues are: (i) the Court lacks subject matter jurisdiction because the action does not arise under federal law; (ii) "creation science" is, as a matter of law, inherently religious (and the secular or religious nature of evolution is irrelevant to this action); (iii) the Act, as a matter of law, constitutes an establishment of religion in violation of the First and Fourteenth Amendments, in that it does not have a secular legislative purpose; (iv) the Act, as a matter of law, constitutes an establishment of religion in violation of the First and Fourteenth Amendments in that its primary effect is to advance religion; (v) the Act, as a matter of law, constitutes an establishment of religion in violation of the First and Fourteenth Amendments, in that it fosters excessive government entanglement with religion; (vi) the Act is impermissibly vague in violation of the First and Fourteenth Amendments; and (vii) the Act abridges the constitutionally protected academic freedom rights of teachers and students." (Emphasis supplied.)

Orleans Parish has also advised the Court that it will file a motion to dismiss which is almost identical to, if not the same motion to dismiss which applicants filed. Thus, the defenses and contentions which applicants seek to urge if they are permitted to intervene will be adequately raised by the named defendants.

It is also clear that counsel for the defendants are capable of properly defending this case on behalf of the named defendants as well as the proposed intervenors. Furthermore, there is a presumption of adequate representation where governmental bodies or officers are named parties to a suit. There has been no showing made to rebut this presumption. In fact, there has been no evidence presented which would in any way show that the governmental bodies and officials named in this suit cannot adequately represent the general interest of its citizens, including the proposed intervenors. *Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d 501 (3 Cir. 1976), cert. denied 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976); *United States v. State of Louisiana*,

supra; 7A C. Wright and A. Miller, *Federal Practice and Procedure*, § 1509 at 528–29 (1972).

Because the test demands that the proposed intervenors' interest actually be "adverse" to those of the parties now in litigation, the Court finds that the current representation of applicants' interests is entirely adequate and that applicants' interest will be protected.

Thus, applicants' motion to intervene as a matter of right under Rule 24(a)(2) is denied.

Applicants also seek permissive intervention under Rule 24(b)(2). This request must also be denied. There is simply no need to add additional parties as defendants in this suit. There are now forty-seven plaintiffs and sixteen defendants in this suit. There are also numerous attorneys representing the various parties. Intervention by these applicants would serve no useful purpose. To allow additional parties in this suit will only unduly delay or prejudice the rights of the original parties. As noted previously, applicants' interests are not only protected by the governmental bodies and public officials named in this suit, but are also protected by their counsel who now represent the Orleans Parish School Board in this matter. If these proposed intervenors have any relevant information, each or all of them may be deposed and listed as a possible witness at the trial of this case. In light of all the foregoing, the Court declines to exercise its discretion to permit intervention pursuant to Rule 24(b)(2). *United States v. State of Louisiana*, supra.

Although the Court has denied applicants' motion to intervene in this suit, the Court shall permit applicants to file amicus curiae briefs if they so desire on the issues involved herein.

Furthermore, since the Court has denied applicants' motion to intervene, applicants' motion to dismiss is now moot and shall not be considered by the Court. If the defendants wish to file the same or a similar motion to dismiss, they must refile and notice the motion in accordance with the local rules of this Court and the Federal Rules of Civil Procedure. The Court, in allowing the defendants to refile the motion, expresses no opinion on the merits of the motion to dismiss.

Therefore:

IT IS ORDERED that the motion of James Helis, Mary Kathleen Helis, Barbara Wells, O. Carruth McGhee, Elizabeth S. Watts, Este Armstrong, J. Philip Woodland, Nancy Schweitzer, Charles B. Donnellan, and Tommy Rigsby, Sr. to intervene as defendants be and it is hereby DENIED.

IT IS FURTHER ORDERED that the applicants be and each is hereby permitted to file amicus curiae briefs on the issues raised herein.

IT IS FURTHER ORDERED that applicants' motion to dismiss be denied as being moot, reserving to the defendants the right to refile the same or a similar motion in accordance with the local rules of Court and the Federal Rules of Civil Procedure.