**Bryan S. McGEHEE, Individually and on behalf of all other persons similarly situated**

v.

**J. Kelly NIX, Superintendent of Education; State of Louisiana, Department of Education; State Board of Elementary and Secondary Education.**

**Civ. A. No. 83–283–B.**

United States District Court, M.D. Louisiana.

March 7, 1984.

---

A. Shelby Easterly, III, Taylor, Porter, Brooks & Phillips, Baton Rouge, Richard F. Knight, Bogalusa, for plaintiff.

David A. Hamilton, Baton Rouge, for J. Kelly Nix and State of Louisiana, Dept. of Educ.

R. Bruce Macmurdo, Baton Rouge, for State Bd. of Elementary and Secondary Educ.

POLOZOLA, District Judge:

This matter is before the court on plaintiff's motion to remand. The issue presented to the court is whether the court has jurisdiction under 28 U.S.C. § 1331. Because the court finds that this suit does not allege a claim "arising under" the constitution or laws of the United States, plaintiff's motion to remand is hereby granted.

Bryan S. McGehee originally filed this suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Named as defendants in this suit are J. Kelly Nix, the Superintendent of Education, the Department of Education for the State of Louisiana, and the Louisiana State Board of Elementary and Secondary Education. After this suit was filed in state court, the defendants removed the suit to the United States District Court for the Middle District of Louisiana. Thereafter, the plaintiff filed a motion to remand this suit to state court.

Plaintiff sought admission to an electrician's apprenticeship course at the Sullivan Vocational-Technical Institute (Institute) in Bogalusa, Louisiana in 1982. The Institute rejected plaintiff's request for admission to the course on the grounds that the course "belonged to the union" and plaintiff had not received the union's permission to enroll in the course. Plaintiff contends that this denial of admission was in violation of La.R.S. 17:1997 [1] and La.R.S. 23:981–987.[2] Plaintiff argues that § 1997 requires that the post-secondary vocational technical institutes be operated on an "open door policy" and that all students must be served on an equal priority basis. Plaintiff also contends that the actions of the defendants which denied plaintiff's admission to the Institute violated Louisiana's right-to-work laws.

Plaintiff seeks an order enjoining defendants from operating post-secondary vocational-technical schools in such a fashion that admission to the courses offered at the schools depends upon union or non-union status.

Defendants contend that the federal court has jurisdiction under 28 U.S.C. § 1331 because this suit "arises under" the constitution and laws of the United States. Defendants rely heavily on an allegation set forth in plaintiff's original state court petition that the defendants' admission policy violates the First and Fourteenth Amendments to the United States Constitution.

Defendants also contend that as a defense to this action, they will rely on 29 U.S.C. § 50 [3] and 29 CFR §§ 29 and 30.[4]

---

**1.** La.R.S. 17:1997 provides:

The vocational-technical schools shall be operated under an open door policy and shall serve persons on an equal priority basis, including but not limited to, adults, veterans, high school students, persons who have dropped out of high school and minority ethnic groups. Persons meeting board requirements with respect to age shall be free to enroll in any school in the state and there shall not be any geographic barriers to enrollment.

**2.** R.S. 23:981–987 is commonly referred to as Louisiana's "Right-to-Work Law".

**3.** 29 U.S.C. § 50 provides:

The Secretary of Labor is authorized and directed to formulate and promote the furtherance of labor standards necessary to safeguard the welfare of apprentices, to extend the application of such standards by encouraging the inclusion thereof in contracts of apprenticeship, to bring together employers and labor for the

**4.** See note 4 on page 636.

■ A careful analysis of the pleadings in this case reveals that the issue raised in this suit involves a dispute between a Louisiana resident and state education officials, departments and agencies over state laws passed by the Louisiana Legislature involving the operation of vocational-technical schools in the State of Louisiana. Such a dispute fails to raise a federal question which should be decided by a federal court. The issue raised herein must and should be resolved by the Louisiana state courts. To bring a case under 28 U.S.C. § 1331, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

■ It is well settled that in order to determine whether an action "arises under" federal law, the court must look exclusively to the allegations of the complaint. *State of Tennessee v. Union & Planter's Bank*, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894); *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Gully v. First National Bank in Meridian*, supra. The existence of a federal question must be raised in a well pleaded complaint unaided by any anticipated defense. *State of Tennessee v. Union & Planter's Bank*, supra; *Louisville & Nashville Railroad Co. v. Mottley*, supra; *Gully v. First National Bank in Meridian*, supra.[5]

In *Lowe v. Ingalls Shipbuilding, a Div. of Litton*, 723 F.2d 1173 (5th Cir.1984), the Fifth Circuit Court of Appeals summarized the jurisdiction which sets forth the requirements which must be met before the court has jurisdiction under 28 U.S.C. § 1331. The court stated:

Federal question jurisdiction, however, is not satisfied merely because "the dispute is in some way connected with a federal matter." *Cox v. International Union of Operating Engineers*, 672 F.2d 421, 422 (5th Cir.1982). Section 1331 requires that the suit be one "arising under" the Constitution or laws of the United States, and for this purpose "[a] suit arises under the law that creates the cause of action." *American Well Works Company v. Layne & Bowler Company*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916); *Superior Oil Co. v. Pioneer Corp.*, 706 F.2d 603, 605 (5th Cir.1983). Federal law "must be an element, and an essential one, of the ... cause of action." *Superior Oil Co.* at

formulation of programs of apprenticeship, to cooperate with State agencies engaged in the formulation and promotion of standards of apprenticeship, and to cooperate with the Office of Education under the Department of Health, Education, and Welfare in accordance with section 17 of Title 20. For the purposes of this chapter the term "State" shall include the District of Columbia.

4. 29 CFR §§ 29 and 30 set forth admission procedures for local and state run apprenticeship programs.

5. In its discretion, the United States Supreme Court has clearly stated that the language in the complaint and not the answer determines whether the federal court has federal jurisdiction. Thus, in *State of Tennessee v. Union & Planter's Bank*, supra, the court stated:

"But the right of the plaintiff to sue cannot depend on the defense which the defendant may choose to set up. His right to sue is anterior to that defense, and must depend on the state of things when the action is brought." 14 S.Ct. at 656

\* \* \* \* \* \*

...; and by the settled law of this Court as appears from the decisions above cited, a suggestion of one party that the other will or may set up a claim under the constitution or laws of the United States does not make the suit one arising under that constitution or those laws." 14 S.Ct. at 657

In *Gully v. First National Bank in Meridian*, supra, the Supreme Court noted:

"A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto ..., and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal .... Indeed the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." 299 U.S. at 113, 57 S.Ct. at 97–98

See, also: *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974).

605. Moreover, what "determines jurisdiction" is the "nature of the claim" asserted, and "not the possible defenses to that claim." *Cox* at 422. "[T]he mere presence of a federal issue, specifically the anticipation of a federal defense, would not permit invocation of federal-question jurisdiction." *Superior Oil Co.* at 605. "[T]he well-pleaded complaint rule bars plaintiff from invoking original federal jurisdiction by anticipating in the complaint a defense that defendant will raise." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3566 at 434. "The rule that jurisdiction cannot be created by anticipating defenses in the complaint has been applied consistently by the courts." *Id.* at 435 (footnote omitted).

Further, the well-pleaded complaint rule applies fully as much where the party invoking federal jurisdiction relies on federal law to preclude an anticipated state law defense as where he merely anticipates his adversary's invocation of a federal defense. *See Franchise Tax Board v. Construction Laborers Vacation Trust,* — U.S. —, —, 103 S.Ct. 2841, 2846–2847, 77 L.Ed.2d 420, 431 (1983) ("... a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, [citations], or that a federal defense the defendant may raise is not sufficient to defeat the claim, [citation].")." Similarly, federal-question jurisdiction is not aided by the fact that it is the removing defendant who relies on federal law to provide a defense. *Id.* Accordingly, application of the well-pleaded complaint rule does not turn on whether the party ultimately seeking to rely on federal substantive law is, or is not, the party invoking federal jurisdiction, but rather on whether federal substantive law forms an essential element of the cause of action itself, as distinguished from possible defenses thereto,

respecting which federal jurisdiction is invoked. 723 F.2d at 1178–79.

■ Thus, the court finds that federal law is not an essential element of plaintiff's original state court petition. The fact that the dispute is in some way connected with a federal matter is not sufficient for this court to have federal jurisdiction. It is essential in a § 1331 suit that the suit arise under the federal law that creates the cause of action. The laws that create the cause of action in this case are two Louisiana state laws: R.S. 17:1997 and R.S. 23:981 et seq. References to constitutional amendments do not create federal jurisdiction in this case. The plaintiff is not seeking to declare the state statutes unconstitutional. Plaintiff is merely trying to get the State of Louisiana to follow its own laws. Plaintiff then states that if the State of Louisiana does not follow its own laws, the *consequence* which follows is that plaintiff is deprived of his rights under the Louisiana and Federal Constitutions. Furthermore, defendants' claim that they intend to rely on 29 U.S.C. § 50 and 29 CFR §§ 29 and 30 is not sufficient to create federal jurisdiction under § 1331. An anticipated defense raised in an answer is not sufficient to create jurisdiction under § 1331.[6]

■ Finally, even if the court assumes that either or both parties are seeking a declaratory judgment under 28 U.S.C. § 2201, this would not cause the court to have federal jurisdiction. The "operation of the Declaratory Judgment Act is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937); *Keith v. La. Dept. of Education,* 93 F.R.D. 820 (M.D.La.1981); *Lowe v. Ingalls Shipbuilding, a Div. of Litton,* supra. The Declaratory Judgment Act "enlarged the remedies available in federal courts but did not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.,* supra, 70 S.Ct. at 879.

---

**6.** During oral argument, the court raised the issue of whether 42 U.S.C. § 1983 applied herein. The court now concludes that this is not a case arising under 42 U.S.C. § 1983.

Thus, when a declaratory judgment is filed in federal court, an independent basis of federal jurisdiction is required. No such independent basis of federal jurisdiction exists in this case.

For the above reasons, the court finds that this suit should be remanded to the state court.

Therefore:

IT IS ORDERED that plaintiff's motion to remand be and it is hereby GRANTED.

IT IS FURTHER ORDERED that this suit be and it is hereby remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Judgment shall be entered accordingly.