**Leo and Willie EPPS,**
**Plaintiffs-Appellants,**

v.

**BEXAR–MEDINA–ATASCOSA COUNTIES WATER IMPROVEMENT DISTRICT NO. 1, Defendants-Appellees.**

**No. 81–1138**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1982.

Ronald Hornberger, San Antonio, Tex., for plaintiffs-appellants.

Marc O. Knisely, Robert Wilson, Austin, Tex., for defendants-appellees.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

This appeal presents the threshold inquiry for all federal litigation—subject matter jurisdiction. Finding an absence of such jurisdiction the district court dismissed the complaint. We affirm.

Appellants assert that they are the heirs and assigns of parties who intervened in a bankruptcy suit, *Empire Trust Co. v. Medina Valley Irrigation Co.*, Equity No. 193 (W.D.Tex.1922), seeking recognition of contractually secured water rights. In 1922 the court entered judgment recognizing

that the intervenors had certain contract rights, subject to appropriate regulation by Texas authorities. Appellee is the successor in title to Medina Valley Irrigation Co. Complaining that the 1922 decree is not being honored, appellants seek its enforcement together with other relief.

Stripped to its essentials, appellants' suit seeks enforcement of state-created contract rights. Appellants maintain that federal subject matter jurisdiction exists because a federal court, in a bankruptcy suit, once addressed and upheld the validity of the underlying contract.

■■ There should be little need for a reminder that federal courts are courts of limited jurisdiction, having "only the authority endowed by the Constitution and that conferred by Congress." *Save The Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Further, the party claiming federal subject matter jurisdiction bears the burden of proving it. *Pettinelli v. Danzig*, 644 F.2d 1160 (5th Cir. 1981).

In addition to diversity jurisdiction, which is not here applicable, Article III of the Constitution bestows jurisdiction in federal courts over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." This grant is the basis for "federal question" jurisdiction. Several statutes, including 28 U.S.C. § 1331 which is invoked by plaintiffs-appellants, confer subject matter jurisdiction in cases raising federal questions.

■ In order for a case to come within the ambit of federal question jurisdiction, the federal issue must appear on the face of the complaint, *Phillips Petroleum Co. v. Texaco*, 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974), and must involve a claim founded directly on federal law. *Wheeldin v. Wheeler*, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963); *Gully v. First Nat'l. Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

Appellants contend that since their suit involves enforcement of rights recognized in the 1922 decree, a federal question is involved. We do not agree. The 1922 judgment merely applied Texas law and recognized the viability of a contract between certain of the intervenors and other parties in the bankruptcy litigation. The decree specifically recognized that subsequent regulation and administration of the rights of the parties would be subject to the Texas authorities.

The mere fact that a suit involves the construction and effect of an earlier order or judgment of a federal court does not automatically clothe the dispute in a federal question jurisdictional garment. In reaching that conclusion we agree with the observations of our colleagues of the Tenth Circuit in *Prairie Band of Pottawatomie Tribe of Indians v. Puckkee*, 321 F.2d 767, 770 (10th Cir. 1963):

> The fact that a suit involves the construction and effect of a judgment of a Federal court or tribunal does not, for that reason, make it one arising under the Constitution or laws of the United States.

We find no federal question jurisdiction herein as a mere consequence of the entry of the 1922 judgment. Appellants' arguments to the contrary are not persuasive.

■ Appellants also cite 28 U.S.C. § 1651 as a jurisdictional base for their complaint. This section permits courts to issue all writs necessary or appropriate in aid of their jurisdiction; but "[i]t is settled that this section . . . by itself, creates no jurisdiction in the district courts." *Brittingham v. United States Commissioner of Int. Rev.*, 451 F.2d 315, 317 (5th Cir. 1971). This section provides appellants with no jurisdictional succor.

Finding no federal subject matter jurisdiction, we AFFIRM the dismissal by the district court.