**The SUPERIOR OIL COMPANY**

v.

**PIONEER CORPORATION.**

**No. CA 3–80–1160–C.**

United States District Court,
N. D. Texas,
Dallas Division.

Feb. 16, 1982.

B. J. Zimmerman, Pat F. Timmons and Jeff Allder, The Superior Oil Company, Houston, Tex., Leo J. Hoffman and David Kitner, Strasburger & Price, Dallas, Tex., for plaintiff.

John L. Estes and Nathan L. Hecht, Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., for defendant.

## OPINION

WILLIAM M. TAYLOR, District Judge.

On November 1, 1954, Plaintiff, The Superior Oil Corporation, agreed to sell to Defendant, Pioneer Corporation, gas produced by Plaintiff from the West Seminole Field in Gaines County, Texas. That contract was denoted a Gas Sales Agreement. It provided for a primary term of 25 years. Also, in that contract Plaintiff granted to Defendant an option to extend the term of the contract

"For an additional period equivalent to the period gas is used for injection purposes in the West Seminole Field, or in the period which is necessary to enable Buyer to receive the quantity of gas not made available to it because of such injection operations, whichever is the shorter."

In a letter dated October 17, 1979, Defendant availed itself of the extended term option.

The Parties dispute the price that Defendant should be paying to Plaintiff for the gas bought and sold since November 1, 1979. The price payable is determined by the National Gas Policy Act of 1978 (15 U.S.C. § 3301 et seq.) [1]

The essential determination to be made is whether the option renewed contract is a "rollover contract," an "existing contract" or a "successor contract."

The difference in monetary terms as of November 1977 between a "rollover" contract and an "existing" or "successor" contract was $1.30 per MMBTU versus $2.214 per MMBTU. This, of course, is quite a substantial difference.

Plaintiff contends that the present contract is an "existing" contract which is defined in 15 U.S.C. § 3301, at (13), as:

(13) Existing contract.—The term "existing contract" means any contract for the first sale of natural gas in effect on November 8, 1978.

Defendant contends that the present contract is a "rollover" contract which is defined in 15 U.S.C. § 3301, at (12), as:

(12) Rollover contract.—The term "rollover contract" means any contract, entered into on or after November 9, 1978, for the first sale of natural gas that was previously subject to an existing contract which expired at the end of a fixed term (not including any extension thereof taking effect on or after November 9, 1978) specified by the provisions of such existing contract, as such contract was in effect on November 9, 1978, whether or not there is an identity of parties or terms with those of such existing contract.

A "successor" contract is defined at (14) of 15 U.S.C. § 3301 to be:

(14) Successor to an existing contract. —The term "successor to an existing contract" means any contract, other than a rollover contract, entered into on or after November 9, 1978, for the first sale of natural gas which was previously subject to an existing contract, whether or not there is an identity of parties or terms with those of such existing contract.

Our first question is whether or not a contract was entered into after November 9, 1978. If so, then Plaintiff and Defendant's contract cannot be an "existing" contract as defined by the statute.

■ The normal rule of law is that when a party exercises an option, a new contract is formed at that time.[2] The Court sees no reason not to apply the usual rule. So Plaintiff and Defendant are operating under either a "rollover" or a "successor" contract.

■ What is the difference between the definition of a "rollover" contract and a "successor" contract? Simply that the predecessor to a "rollover" contract must have expired at the end of a fixed term.

---

1. As the Parties are asking for an interpretation of this Federal Statute, there is jurisdiction under 28 U.S.C. § 1331.

2. See *Roguemore v. Ford Motor Co.*, 290 F.Supp. 130, 137 (N.D.Tex.,1967), aff'd, 400 F.2d 255 (5th Cir., 1968).

The statutory definition, above, of "rollover" contract does seem to confuse matters. But the legislative history[3] and the interpretation of the statute by the Federal Energy Regulatory Commission, Department of Energy[4] (F.E.R.C.) are enlightening.

The legislative history gives the following examples of a "rollover" contract and a "successor" contract under the heading *Rollover Contract*:

An existing contract which expires at the end of a fixed term qualifies as a rollover contract. An existing contract may have a specified term of five years which will be extended by operation of the contract for one or more years unless the producer gives notice of his intention to terminate the contract within a specified period of time in advance. Such a contract will qualify as a rollover contract at the end of the fixed five year term without regard to the extensions occurring after the date of enactment.

An existing contract may also have a specified term of five years unless the price of natural gas subject to it is deregulated during that given period whereupon the price to be paid under the terms of the contract will be renegotiated by the parties to the contract. Such a contract will not qualify as a rollover contract by operation of the renegotiation provision until the end of the five year term. The contract resulting from the operation of the renegotiation provision qualifies instead as a successor to an existing contract.

The first of these two examples in the legislative history does not do much to clarify the statutory definition of a "rollover" contract; at least to a layman not versed in the law of oil and gas and the practices and procedures of the oil and gas industry.

The F.E.R.C. does possess expertise in oil and gas and has made sense out of both the statute and the legislative history.

The parenthetical "... (not including any extension thereof taking effect on or after November 9, 1978) ..." is the part of the statute that causes confusion over the definition of "rollover" contract.

The F.E.R.C. explains in Order No. 68 found at 45 Fed.Reg. 5678, 5682 that this parenthetical pertains to what are called "evergreen" contracts. In footnote 15 on that page, the F.E.R.C. provides this explanation of an "evergreen clause:"

"Evergreen clauses" provide that the term of the contract will be extended for some specified period beginning with the date of expiration of the primary term. The contract would remain in effect until terminated by action of one of the parties after giving the required notice prior to the anniversary date. Other variations of this type of clause also prevail in the industry.

The F.E.R.C. then goes on to explain that an "evergreen" contract will not be a "rollover" contract until some action is taken by the parties to form or amend the contract. But the contract need only be entered into or amended after the expiration of the existing contract or the expiration of any extension of it that commenced before November 9, 1978, in order to be a "rollover" contract. In short, in the instance of an "evergreen" contract, the contract can be "rolled over" for the purposes of this law by affirmative action by the parties at any time after the existing contract's original term or any extension of it that was entered into before November 9, 1978, has expired on or after November 9, 1978.

 The present contract is not an "evergreen" contract because Defendant had to take an affirmative action to exercise the option granted by Plaintiff.

So as the primary term of the existing contract expired November 1, 1979, a date

---

**3.** H.R.Rep.No. 95–1752, 95th Cong., 2nd Sess., 70 (1978), U.S.Code Cong. & Admin.News 1978, p. 8800.

**4.** See F.E.R.C. Order No. 68, 45 Fed.Reg. 5678 (Jan. 24, 1980), and F.E.R.C. Order No. 68–A,

45 Fed.Reg. 76676 (Nov. 20, 1980). These will not be set out verbatim in order to conserve space as the pertinent portions of each order are quite long.

after November 8, 1978, and a new contract was then formed by Defendant's exercise of the option, the contract that the parties are operating under fits the statutory definition of a "rollover" contract.

Partial summary judgment will therefore be rendered for Defendant.