**Walter COX, Plaintiff-Appellant,**

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL–CIO, et al., Defendants-Appellees.**

No. 81–4320
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 18, 1982.

Rehearing Denied April 14, 1982.

Ross R. Barnett, Sr., Jackson, Miss., for plaintiff-appellant.

Charles T. Sykes, Jr., Gulfport, Miss., for defendants-appellees.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

PER CURIAM:

A Mississippi resident sued another Mississippi resident and the union to which they both belonged, the International Union of Operating Engineers, AFL-CIO, and the International's Local 624, alleging that the individual defendant, who is an officer of Local 624, slandered him. The defendants promptly removed to federal court alleging that the action is one over which the United States District Courts are given original jurisdiction under 29 U.S.C. §§ 185, 412, 529 (1976). Discovery followed. The defendants' motion for summary judgment was granted. The International Union of Operating Engineers was exonerated because it "had absolutely nothing to do with this controversy," and the dispute involves only the plaintiff, the local union, and the union officer. The claim against the local union and the officer was dismissed because his remarks were, as a matter of law, not defamatory. After an appeal was taken, we raised sua sponte, as we are required to do,[1] the question of jurisdiction, and requested

briefs on the subject. Having studied those briefs, we conclude that we are required to dismiss the appeal for want of original jurisdiction in the district court and to remand the case to the district court for remand in turn to the state court. Not mere love's labor, but many hours of counsel's time and the court's time have been dissipated because counsel failed to perform their first duty in invoking the aid of a court of limited jurisdiction, as all federal courts are: to determine that the court has jurisdiction.

■ Absent a federal question, we lack jurisdiction over this suit, for there is patently no diversity of citizenship. The defendants argue that the alleged slander "arises out of" a union controversy and that, therefore, there must be federal jurisdiction under one of the statutes cited simply by number in the petition for removal. Federal courts do indeed have jurisdiction over actions in which the matter in controversy is one "arising under" the Constitution or laws of the United States. 28 U.S. C.A. § 1331 (West Supp. 1981). Whether such a case exists depends on the nature of the claim, not the possible defenses to that claim. For original federal jurisdiction to obtain, the complaint must raise "a substantial claim founded 'directly' upon federal law." Mishkin, *The Federal "Question" in the District Courts*, 53 Colum.L.Rev. 157, 165 (1953). It does not suffice that the answer raises a federal question. *Louisville & N. R. R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Maxwell v. First Nat'l Bank*, 638 F.2d 32, 35 (5th Cir. 1981); C. Wright, Handbook of the Law of Federal Courts § 18 (3d ed. 1976). Neither is it enough that the dispute is in some way connected with a federal matter. The nature of the cause of action asserted determines jurisdiction. *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199–201, 41 S.Ct. 243, 245, 65 L.Ed. 577 (1921); *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916). *See generally* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart and Wech-

---

1. *E.g., Alabama ex rel. Baxley v. Woody*, 473 F.2d 10, 12–13 (5th Cir. 1973).

sler's The Federal Courts and the Federal System 844–926 (2d ed. 1973).

■ This is a simple defamation suit. It is neither a suit for violation of a contract between an employer and a labor organization, 29 U.S.C. § 185 (1976), nor for violation of the rights of members of labor organizations, *id.* §§ 411–412, 529, nor for deprivation of union members' rights by force, *id.* § 530. The fact that the alleged defamation arose out of union affairs or that, in the course of trial or defense, issues of union members' rights may arise does not convert it into a "federal question" case. It was brought on a simple Mississippi tort claim. It should have stayed in a Mississippi court. Now, almost two years later, we send it back to square one.

We, therefore, DISMISS this suit and REMAND it to the district court with instructions to remand it in turn to the state court whence it came.