**SUPERIOR OIL CO., Plaintiff-Appellant,**

v.

**PIONEER CORPORATION,
Defendant-Appellee.**

No. 82–1464.

United States Court of Appeals,
Fifth Circuit.

June 6, 1983.

Rehearing Denied July 25, 1983.

Leo J. Hoffman, Kenneth S. Beat, Dallas, Tex., Pat F. Timmons, Houston, Tex., for plaintiff-appellant.

Locke, Purnell, Boren, Laney & Neely, John L. Estes, Paul R. Spellman, Dallas, Tex., for defendant-appellee.

Before CLARK, Chief Judge, JOHNSON and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

In this appeal we are asked to decide whether the exercise of an option to extend the term of a gas sales agreement is a "rollover contract" within the meaning of § 2(12) of the Natural Gas Policy Act, § 15 U.S.C. § 3301(12). Because we conclude that the district court was without subject-matter jurisdiction, we must decline the invitation. We vacate the judgment below and dismiss for want of jurisdiction.

On November 1, 1954, Superior Oil Co. and Pioneer Natural Gas Co., the predecessor of Pioneer Corp., contracted for the sale of natural gas. Pioneer agreed to buy from Superior its natural gas available at the outlet of a gas processing plant in the West Seminole Field, Gaines County, Texas. The duration of the agreement was as follows:

> This Agreement shall be effective as of November 1, 1954, and shall continue in effect for a term of twenty-five (25) years from and after such date, provided that the primary term may be extended at the option of Buyer for an additional period equivalent to the period gas is used for injection purposes in the West Seminole Field, or the period which is necessary to enable Buyer to receive the quantity of gas not made available to it because of such injection operations, whichever is the shorter.

Because the gas was not "dedicated" to interstate commerce, the sale was not then subject to federal regulation. In 1978 Congress adopted the Natural Gas Policy Act, 15 U.S.C. §§ 3301–3432, which regulated intrastate as well as interstate sales of natural gas. On October 17, 1979, after the passage of the Act, but before the expiration of the twenty-five-year term, Pioneer

notified Superior that it was exercising its option to extend the term of the agreement.

On August 28, 1980, Superior filed this suit to recover the price of gas sold to Pioneer under the agreement as extended by the exercise of the option. Superior alleged that Pioneer had refused to pay for the gas delivered since November 1, 1979. It alleged that the extension was an "existing contract" within the meaning of § 2(13) of the NGPA, 15 U.S.C. § 3301(13), and that the ceiling price was the lower of the price under the extended agreement and the maximum lawful price for "new" natural gas. *See* 15 U.S.C. § 3315(b). Alternatively, and only if its first contention were rejected, Superior alleged that the extension was a "rollover contract" as defined by § 2(12) of the NGPA, 15 U.S.C. § 3301(12), and that the ceiling price was the maximum price under the original agreement plus an inflation adjustment factor. *See* 15 U.S.C. § 3316(b)(1). Superior's complaint stated a single claim "for breach of contract" with jurisdiction predicated on 28 U.S.C. § 1331, the general federal-question jurisdiction statute. In its prayer for relief, Superior sought damages and injunctive and declaratory relief, including a declaration that the agreement as extended was an "existing contract" within the meaning of the NGPA.

Both parties moved for partial summary judgment, with Pioneer conceding that it had exercised the option but seeking a determination that the option so exercised was a "rollover contract." The district court granted Pioneer's motion. 532 F.Supp. 731 (N.D.Tex.1982). It then entered a final judgment on the basis of a fact stipulation between the parties. Superior has appealed, asking us to hold that the extension of the agreement by the exercise of the option is an "existing contract" rather than a "rollover contract."

At the outset we are confronted with the question of subject-matter jurisdiction. Although neither party has raised the issue either here or below, it is our duty to do so. Because both Superior and Pioneer are Texas corporations for purposes of diversity jurisdiction, any jurisdiction must be under 28 U.S.C. § 1331.

There have been innumerable interpretations of § 1331's requirement that a case "arise[ ] under the Constitution, laws, or treaties of the United States." It is an old puzzlement that has drawn the attention of the notable jurists and scholars. The general consensus among courts and commentators today seems to be that federal law must ordinarily provide a right that the plaintiff is asserting, and perhaps the plaintiff's claim. Chief Justice Marshall's formula, whether the federal question "forms an original ingredient" of the cause, *Osborn v. Bank of the United States,* 9 Wheat (22 U.S.) 738, 824, 6 L.Ed. 204 (1824), has been treated as a constitutional minimum. *See Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 471, 77 S.Ct. 912, 928, 1 L.Ed.2d 972 (1957) (Frankfurter, J., dissenting). Justice Holmes' proposition that "a suit arises under the law that creates the action," *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916), more closely approximates the current reading of the statute. *See* C. Wright, *The Law of Federal Courts* 93–94 (4th ed. 1983); P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart and Wechsler's The Federal Courts and the Federal System* 883 (2d ed. 1973). Perhaps most influential is Justice Cardozo's axiom in *Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), that "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *See* 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3562 (1975).

The practical difference between the Holmes and Cardozo formulations is not great: one who is asserting a federal right will almost invariably be asserting a federal claim. Both Holmes and Cardozo recognized that the mere presence of a federal issue, specifically the anticipation of a federal defense, would not permit invocation of federal-question jurisdiction. *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. at 259, 36 S.Ct. at 586; *Gully v. First*

*National Bank,* 299 U.S. at 113, 57 S.Ct. at 98.

Our recent cases are consistent with this received learning. In *Cox v. International Union of Operating Engineers,* 672 F.2d 421 (5th Cir.1982), we dismissed a defamation suit against a labor union, stating:

> For original federal jurisdiction to obtain, the complaint must raise 'a substantial claim founded "directly" upon federal law.' . . . It does not suffice that the answer raises a federal question. . . . Neither is it enough that the dispute is in some way connected with a federal matter. The nature of the cause of action asserted determines jurisdiction. . . .

*Id.* at 422–23 (citations omitted). Similarly, in *Maxwell v. First National Bank of Monroeville,* 638 F.2d 32, 34 (5th Cir.1981), we held that an action brought by a shareholder against a national bank should not have been removed to federal court when the complaint "disclose[d] a state law claim." We added:

> We have held that for a case to 'arise under' federal law, a right or immunity created by that law must be an essential element of the plaintiff's claim. The federal right or immunity that forms the basis of the claim must be such that it will be supported if the federal law is given one construction or effect and defeated if it is given another. . . . In order to determine whether the claim arises under the Constitution or laws of the United States, we must look to the plaintiff's complaint unaided by anticipated defenses and with due regard to the real nature of the claim. . . .

*Id.* at 35 (citations omitted).

■ We think these paths lead to only one destination: the district court should not have entertained Superior's lawsuit. Like the claim whose dismissal we upheld in *Epps v. Bexar-Medina-Atacosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594 (5th Cir.1982), Superior's lawsuit, when "[s]tripped to its essentials, . . . seeks enforcement of state-created contract rights." *Id.* at 595. Superior asserts a state-created right to be paid for gas it has delivered, not a federal right. Unquestionably, federal law affects the price that Superior may charge for the gas; however, the NGPA price *ceilings* do not give the gas producer a federal *right* to receive a particular price for its gas. *See Phillips Petroleum v. Texaco, Inc.,* 415 U.S. 125, 128–129, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974).

■ Superior's allegations that the extension is an "existing contract" rather than a "rollover" do not fortify its jurisdictional cause. Superior is anticipating a defense, namely that the NGPA does not permit charges over the maximum price under the original agreement as adjusted for inflation. 15 U.S.C. § 3316(b)(1). Consistent with the notion that the lawsuit must proceed on a federal right, an anticipated defense may not be the basis for federal-question jurisdiction. *Epps v. Bexar-Medina-Atacosa Counties Water Improvement Dist. No. 1,* 665 F.2d at 595; *Maxwell v. First National Bank of Monroeville,* 638 F.2d at 35.

The Supreme Court's decision in *Phillips Petroleum v. Texaco, Inc.,* 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209, is instructive. Texaco filed a suit claiming compensation for the helium constituent of FPC-regulated natural gas it had sold to Phillips. Texaco relied upon a federal appeals court decision holding that by virtue of the 1960 Helium Act Amendments the regulated price for natural gas did not include commingled helium. The Supreme Court held that the appeals court decision did not create a federal claim for the recovery of the reasonable value of the constituent helium, but only precluded a defense based on payment for the natural gas at FPC-regulated rates. *Id.* at 128, 94 S.Ct. at 1004. Having so held, the Court concluded that "Texaco's suit for the reasonable value of the helium is, in effect, an action in *quantum meruit,* whose source is state law and not federal law," and that jurisdiction was unavailable under 28 U.S.C. § 1331. *Id.* at 129, 94 S.Ct. at 1004. "To the extent that the Natural Gas Act and the 1960 Helium Act Amendments may bear on this action for the recovery of the reasonable value of constitu-

ent helium in natural gas," the Court added, "it is clear that their effect is no more than to overcome a potential defense to the action." *Id.*

Similarly, Superior's action here is in effect for breach of contract. The asserted role of the NGPA in this case corresponds to that of the Helium Act in *Phillips Petroleum:* it deprives the other party of a defense. Just as the Natural Gas Act and the Helium Act established no right to recover for constituent helium, so the NGPA establishes no right to recover for intrastate natural gas. State law propels both lawsuits.[1]

Undoubtedly, the dispute between Superior and Pioneer pivots on an issue of federal law. But that was equally true in many of the other cases we have discussed. "[T]he federal issue must appear on the face of the complaint . . ." *Epps v. Bexar-Medina-Atacosa Counties Water Improvement Dist. No. 1,* 665 F.2d at 595. *See also Gully v. First National Bank,* 299 U.S. at 113, 57 S.Ct. at 98. The issue must be "an essential element of the plaintiff's claim." *Maxwell v. First National Bank of Monroeville,* 638 F.2d at 35. *See also Gully v. First National Bank,* 299 U.S. at 112, 57 S.Ct. at 97. The federal issue here, although dominating the controversy between the parties, simply does not constitute any part of Superior's claim.

Nor do we believe that Superior's request in its prayer for relief for a declaration that the agreement is an "existing contract" enhances its prospects for federal jurisdiction. An action for declaratory relief may be used to obtain a judgment that another party does not have a federal right. C. Wright, *The Law of Federal Courts* 101;

10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2767 (2d ed. 1983). In this sense, the declaratory judgment remedy, 28 U.S.C. § 2201, expands federal jurisdiction. It enables a party to bring a federal action corresponding to the one that the opposing party might have brought. C. Wright, *The Law of Federal Courts* 101; 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2767.

Our survey of Superior's pleadings, however, discloses no federal right of Pioneer's. Superior does not even allege that Pioneer is claiming that the agreement is a "roll-over contract." Assuming such an allegation were present, Pioneer would still have no federal right on which it could sue, given Superior's allegation that it failed to pay for the gas delivered. Although the declaratory judgment remedy permits a party to bootstrap its way into federal court by alleging the imminence of another party's federal action against it, Superior simply has not done this. That Superior has included a request for a declaratory judgment in its prayer for relief does not alter the fact that its complaint states only a state-law claim for breach of contract.

We realize that the parties and the district court have devoted a considerable amount of time to this case. We are loathe to vacate a carefully considered judgment with the deft explanation of "sorry, wrong court." Could we honestly read the question of subject-matter jurisdiction to be close, we might take hold of Professor Wright's sage advice that where "there is a debatable issue about federal question jurisdiction, pragmatic considerations must be taken into account." C. Wright, *The Law of Federal Courts* 96. But the question of

---

1. We note that *Clark v. Gulf Oil Corp.,* 570 F.2d 1138 (3d Cir.1977), *cert. denied,* 435 U.S. 970, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978), in which the Third Circuit concluded that federal-question jurisdiction was available over putative class actions brought by natural gas consumers for underdeliveries of gas, is distinguishable. The complaints there averred an "action to recover damages and secure equitable relief for injuries . . . sustained as a direct result of violations by defendants of section 7 of the Natural

Gas Act . . ." *Id.* at 1143. Although the court ultimately reasoned that there was no private right of action under § 7, 15 U.S.C. § 717f, it noted that the question was not "insubstantial." *Id.* It therefore proceeded from the jurisdictional point to the merits. *Id.* at 1144. Here by contrast there is no colorable federal claim, or even a federal claim at all. In its complaint Superior alleges that its suit is "for breach of contract," and requests attorneys' fees under Texas law.

federal-question jurisdiction here is not close. The district court lacked subject-matter jurisdiction over Superior's claim; we must vacate the judgment and dismiss the claim.

VACATED and DISMISSED.