805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Robert KIMSEY, Plaintiff-Appellant,
v.
BROWN & ROOT CONSTRUCTION COMPANY, INC.; Highland Insurance
Co.; Dr. Donald L. Plowman; Crawford and
Company, Defendants-Appellees.
 No. 86-3376.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1986.
 
 1
 Before KEITH and WELLFORD, Circuit Judges, and TODD, District Judge.
 
 ORDER
 
 2
 The plaintiff appeals the judgment granting the defendants' motions for dismissal of this civil action for lack of personal jurisdiction over the defendants. He now moves for the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 The plaintiff is an Ohio inmate presently incarcerated at the Lima Correctional Institute. He filed this pro se civil action generally alleging the defendants conspired to conceal from him (and proper Texas authorities) the nature and extent of back injuries he suffered in 1977 and 1981 during his employment on construction projects in Texas. The defendants moved for dismissal on grounds the district court did not have personal jurisdiction over them because all the injuries and medical examinations occurred in Texas. The district court granted the motions to dismiss without judicial comment.
 
 
 4
 Because the district court did not undertake an analysis of the factors it considered in determining it did not have personal jurisdiction in this action (an omission particularly unfortunate in that one defendant operates its business in Lima, Ohio), we are unable to determine from the present record whether the district court erred in dismissing the plaintiff's action for the reasons given.
 
 
 5
 This Court, however, may affirm a lower court judgment on any ground showing it to be correct, even if the lower court did not address that ground. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam); City of Cleveland v. Cleveland Electric Illuminating Co., 570 F.2d 123, 128 (6th Cir.1978). We conclude the plaintiff's action could have been dismissed for lack of subject matter jurisdiction.
 
 
 6
 In order to bring an action in federal court, a party must allege facts essential to show federal jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). We have examined the plaintiff's complaint and other filings and have found no basis for federal jurisdiction in this case. Although the complaint may be construed as stating claims for fraud, breach of contract, malpractice, or workmen's compensation, these are state law claims which, in the absence of diversity of citizenship, cannot be litigated in a federal forum. See Phillips Petroleum Co. v. Texaco Inc., 415 U.S. 125 (1974) (per curiam); Cox v. International Union of Operating Engineers, 672 F.2d 421 (5th Cir.1982) (per curiam).
 
 
 7
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 8
 Upon an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 9
 It therefore is ORDERED that the district court's order dismissing the plaintiff's action be and it hereby is affirmed for the reasons stated above. Rule 9(d)(2), Rules of the Sixth Circuit.