IT IS HEREBY ORDERED Plaintiff's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED Plaintiff's application for attorney fees is DENIED without prejudice.

**Robert E. SMITH and Richard S. Linn, Plaintiffs,**

v.

**David BATES, Bud Brown, Ron Haider, William Pope and Mike Shackelford, and Does 1 to 100, Inclusive, Defendants.**

**No. C–91–3380 BAC.**

United States District Court, N.D. California.

March 27, 1992.

Bernard Allard, Popelka, Allard, McCowan & Jones, San Jose, Cal., for plaintiffs.

Robert Bell, Altshuler and Berzon, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

CAULFIELD, District Judge.

Plaintiffs filed this action in San Francisco Superior Court on August 12, 1991. On September 30, 1991 defendants timely filed a notice of removal in which it was alleged that this court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. On January 31, 1992 this court *sue sponte* issued an Order to Show Cause why this matter should not be remanded to the San Francisco Superior Court. Upon consideration of the written response to the court's Order to Show Cause, and arguments of the parties, the court orders that this matter be REMANDED to the San Francisco Superior Court.

## FACTS AND BACKGROUND

Plaintiffs Richard Smith and Richard Linn are employed as airline pilots for American Airlines. Plaintiffs are both residents of northern California and prior to and during the events that gave rise to this action plaintiffs were the incumbent chairman and vice chairman of the San Francisco region of the Allied Pilots Association ("APA") Board of Directors, the national union representing American Airlines pilots.

This action arises out of the 1990 campaign to elect representatives within the APA. During the 1990 campaign, defendants co-authored a letter addressed to "Fellow San Francisco APA Members" in which defendants attributed to plaintiffs certain actions and motivations surrounding their union activities which, plaintiffs alleges, if true clearly would not be in the best interests of a majority of the union members. Therefore, plaintiffs complaint alleges that such statements are defamatory.[1]

## DISCUSSION

A. *Preemption Under Section 301 of the Labor Management Relations Act [LMRA], 29 U.S.C. § 185*

In their response to the court's Order to Show Cause defendants succinctly identified their basis for removing this action:

The ground for removal was that plaintiffs' claim—that defendants made false and defamatory statements concerning plaintiffs' support for provisions in the collective bargaining agreements with American and concerning plaintiffs' position on the issues of constitutional governance within the Union—is intertwined with or requires construction of the collective agreements and the APA Constitution and is therefore "completely preempted" by federal law.

The court disagrees with defendants' interpretation of the jurisdictional issues presented. First, contrary to defendants' contention, plaintiffs action has nothing to do with their position on the issues of constitutional governance within the Union. As indicated above, while a Union Appeals Board did hear plaintiffs complaints, the Board's ruling specifically indicated that its' Constitution does not give it jurisdiction over plaintiffs' claims. Plaintiffs' complaint does not mention the Board's procedures as a basis for liability. Nor does defendant suggest that the Board's ruling is entitled to res judicata or collateral estoppel effect. Therefore, nothing in plaintiffs' action suggest to the court that plaintiffs are challenging the "constitutional governance within the Union."

Second, the court rejects defendants' statement of the standard for determining section 301 preemption, and defendants'

---

1. Following the union election, which plaintiffs lost, plaintiffs filed internal union charges accusing defendants of misconduct under the APA Constitution for having written the campaign letter. The Union's Appeal Board dismissed the charges finding that defendants' campaign letter was "protected speech" on issues of concern to the membership. However, in its ruling, the Board specifically stated as follows:

Article VII of the Constitution and Bylaws does not contemplate the resolution of inter-union political disputes. There is no jurisdiction to hear the charges which have been brought in this case or to impose the discipline requested.

overall contention that plaintiffs allegations are intertwined with or require construction of the collective bargaining agreements and the APA Constitution.

The Order to Show Cause was based on the court's review of plaintiffs' complaint and a determination that plaintiffs' complaint fails to state a cause of action which depends for its resolution upon the interpretation of the collective bargaining agreement between APA and American Airlines and the APA Constitution. Defendant's response to the court's Order has failed to alter the court's initial impression.

■ Defendants correctly note that under Section 301, state law claims are completely preempted, and therefore subject to removal, if the claims require for their resolution the interpretation of a collective bargaining agreement or a union constitution. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410 (1988). However, defendants' analysis ignores the underlying rationale behind section 301.

Section 301 preempts state claims which can only be resolved by analysis of the collective bargaining agreement because "[a] contrary result would frustrate the federal interest in uniform federal interpretation of collective agreements, allowing 'parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.'" *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985), as cited in *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 999 (9th Cir.1987). Implicit in the decisions which have addressed this issue is the notion that the legislative intent behind enacting section 301 was to prevent state courts from *interpreting* provisions in collective bargaining agreements. Additionally, the authorities cited support the proposition that congress did not wish to have collective bargaining agreements usurped by state created rights.

■ Not every employment dispute which tangentially touches upon a collective bargaining agreement is preempted by section 301. *Id.* Rather, the test is

"whether the state 'confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract.'" *Allis–Chalmers* 471 U.S. at 213, 105 S.Ct. at 1912, as cited in *Young*, 830 F.2d at 999.

In *Stikes v. Chevron USA, Inc.*, 914 F.2d 1265 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2015, 114 L.Ed.2d 101 (1991), the Ninth Circuit held that a state law claim alleging a violation of California's constitutional right to privacy was preempted under section 301 because in order to determine whether a privacy interest was present, the court must apply a two part test which requires the court to determine: "(1) whether the person involved had a subjective or actual expectation of privacy; and, (2) whether society is willing to recognize that expectation as reasonable." *Id.* at 1269

In *Stikes*, the court determined that the district court could not determine Stikes' reasonable expectation of privacy without considering his conditions of employment as provided for in the collective bargaining agreement. Further, the court reasoned that the district court could not evaluate the employer's acts without consideration of the employer's powers under the agreement. *Id.*

■ This case is distinguishable. Plaintiffs allege a cause of action for common law defamation. Defendants correctly point out that in order to prevail plaintiffs must show that the alleged statements were false and defamatory on their face. *See Polygram Records v. Superior Court*, 170 Cal.App.3d 543, 550, 216 Cal.Rptr. 252 (1985). While it is true that the court must look to the collective bargaining agreement to determine if the statements are false, and must further hear testimony in order to determine the defamatory nature of the statements, nothing in plaintiffs' claims would require the court to interpret provisions of the collective bargaining agreement or the union's constitution. In fact, the union has already determined that it

lacked jurisdiction to resolve this dispute. Defendants' argument that the court must look to the agreement to determine if the statements were defamatory is simply not enough to trigger section 301 preemption, nor could it be said that plaintiffs' common law defamation action infringe upon rights or privileges created by the collective bargaining agreements.

In *Cox v. International Union of Operating Engineers*, 672 F.2d 421 (5th Cir. 1982), the Fifth Circuit Court of Appeals *sua sponte* remanded a defamation action to the state court after it had been pending in the federal courts for two years. As is the case here, the dispute in *Cox* was essentially an intraunion dispute which did not involve the employer. In remanding the action, the Fifth Circuit stressed that the action was a simple defamation action which did not involve allegations of a violation of a contract between the union and the employer, nor violations of the rights of the members of the labor union. *Id.* at 423.

B. *Preemption Under the Railway Labor Act, 45 U.S.C. § 151 et seq.*

■ By its express terms, the Railway Labor Act applies only to suits "between an employee or group of employees and a carrier or carriers 'within the meaning of the Railway Labor Act.'" *Glover v. St. Louis–San Francisco Railway*, 393 U.S. 324, 328, 89 S.Ct. 548, 550, 21 L.Ed.2d 519 (1969), as cited in *Raus v. Brotherhood Railway Carmen of the United States and Canada*, 663 F.2d 791, 794 (8th Cir. 1981). As plaintiffs' action is not an action which falls within the terms of the Railway Labor Act, plaintiffs' claims are not preempted by the act.

### ORDER

As this court lacks subject matter jurisdiction over this action, plaintiffs' claims are hereby REMANDED to the San Francisco Superior Court.

IT IS SO ORDERED.