**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-11124

(Summary Calendar)
_____

SHON WILLIAMS,

                    Plaintiff - Appellee,

versus

SMITH PROTECTIVE SERVICES,

                    Defendant - Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:97-CV-388-T)
_____

March 24, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Smith Protective Services ("Smith") brings an interlocutory appeal from the district court's order denying its motions to dismiss for lack of jurisdiction ("motion to dismiss") and, in the alternative, to compel arbitration ("motion to compel"). We affirm

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's denial of the motion to compel, and because we lack jurisdiction, dismiss Smith's appeal of its motion to dismiss.

Smith claims that the district court erred in denying its motion to compel because Williams signed an arbitration agreement as part of his employment contract with Smith. The court denied this motion because Smith failed to submit the employment contract along with its motion. Smith submitted only one page (the alleged arbitration agreement) from the alleged 29-page employment contract, and the single page that Smith submitted lacked a date, a signature of its representative, or proper authentication, as required by the Federal Rules of Evidence. Even if these evidentiary defects could be overlooked, the court held that the arbitration agreement would be unenforceable because Smith's "promise of 'continued employment' is an illusory promise incapable of serving as consideration for a binding employment contract in an at-will state such as Texas." *Williams v. Smith Protective Servs.*, No. 3:97-CV-0388-T, at 3 (N.D. Tex. Sept. 23, 1997).

Assuming, *arguendo*, that Smith's alleged employment contract falls within the scope of the Arbitration Act, 9 U.S.C. § 1 *et seq.* (1970), so that we have jurisdiction to hear an interlocutory appeal of its motion, *see* 9 U.S.C. § 16(a)(1)(C) (1997 Supp.) ("An [interlocutory] appeal may be taken from))(1) an order . . . (C) denying an application under section 206 of this title to compel arbitration."), we agree with the district court that Smith has

failed to satisfy the evidentiary prerequisites necessary to prevail on its motion. Moreover, as the district court correctly noted, we see nothing in the alleged one-page arbitration agreement that could serve as consideration for William's promise to arbitrate. Without consideration, the arbitration agreement is unenforceable. *See Light v. Centel Cellular Co.,* 883 S.W.2d 642, 645 (Tex. 1994) (holding that a collateral agreement between an employer and an employee is valid if consideration exists for the agreement, but that a promise either to provide employment or to continue working is not sufficient consideration to make the collateral agreement enforceable); *Travel Matters, Inc. v. Star Tours*, 827 S.W.2d 830, 832-33 (Tex. 1991). Of course, Smith is free to reurge this motion upon the district court if it can submit an entire signed contract, properly authenticated, assuming that proper consideration for the alleged arbitration agreement exists in some other part of the contract. *See Light*, 883 S.W.2d at 645 n. 5 & 6. Based upon the evidence now before us, however, we affirm the district court's denial of the motion to compel.

In its motion to dismiss for lack of jurisdiction, Smith argues that it is not subject to suit for violation of Title VII because it operates solely in Texas and does not have a "substantial effect" on interstate commerce, citing *United States v. Lopez*, 514 U.S. 549, 559, 115 S. Ct. 1624, 1629-30, 131 L.Ed.2d 136 (1994). The district court denied the motion because it held

-3-

that Smith had failed to prove that it did not have a "substantial effect" on interstate commerce. *See Wickard v. Filburn*, 317 U.S. 111, 63 S. Ct. 82, 87 L.Ed. 122 (1942). Smith renews this argument on appeal, but, not without irony, we find that we lack jurisdiction to consider the interlocutory appeal of Smith's motion to dismiss for lack of jurisdiction.

A court of appeals ordinarily has jurisdiction only to review a "final decision." *See* 28 U.S.C. § 1291. No appeal lies from "tentative, informal, or incomplete" decisions and decisions that are "but steps towards final judgment in which they will merge." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S. Ct. 1221, 1225, 93 L.Ed. 1528 (1949). The refusal to grant a motion to dismiss is not a "final decision." *See Ozee v. American Council on Gift Annuities, Inc.*, 110 F.3d 1082, 1090 (5th Cir. 1997); *Jackson v. City of Atlanta, Tex.*, 73 F.3d 60, 63 (5th Cir. 1996) ("Denials of motions to dismiss . . . in the Title VII context are non-final pretrial orders.").

Although no "final decision" is involved, the "collateral order doctrine" allows this court to hear interlocutory appeals in that "small class [of interlocutory decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

*Cohen*, 337 U.S. at 546, 69 S. Ct. at 1225-25. This "collateral order doctrine" is "extraordinarily limited" in its application. *See Pan Eastern Exploration Co. v. Hufo Oils*, 798 F.2d 837, 839 (5th Cir. 1986). Actions to dismiss for lack of jurisdiction ordinarily do not fall within the scope of the "interlocutory order doctrine." *See Ozee*, 110 F.3d at 1091 n.7 (collecting cases).

Smith asserts that we have jurisdiction over its interlocutory appeal pursuant to the Arbitration Act, 9 U.S.C. § 1 *et seq.,* and 28 U.S.C. 1292(a)(1), "based upon the district court's denial of a motion to stay this action in order for it to be submitted to arbitration pursuant to an agreement to do so." Although Smith apparently believes that it can appeal the denial of the motion to dismiss because the district court also denied its motion to compel (which we earlier assumed to be reviewable on interlocutory appeal), it fails to suggest how the orders are related, which might allow Smith to "bootstrap" the interlocutory appeal of its motion to dismiss upon the motion to compel. It does not argue that the denial of the motion to dismiss under Title VII is itself a final order, s*ee Jackson*, 73 F.3d at 62, or that the denial of the motion to dismiss comes within the scope of the "collateral order" doctrine. *See Ozee*, 110 F.3d at 1091 n.7. Accordingly, because the burden of establishing jurisdiction rests upon the party asserting it, *see Epps v. Bexar-Medina-Atacosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982), and

-5-

Smith has failed to meet its burden, we dismiss its interlocutory appeal from the district court's denial of its motion to dismiss.[1]

For the foregoing reasons, the district court's denial of Smith's motion to compel arbitration is AFFIRMED and its appeal of the motion to dismiss is DISMISSED.

---

[1]    Our holding today does not prevent Smith from arguing on direct appeal, after a final judgment has been entered, that the district court lacked jurisdiction to hear this case. "The general rule is that 'a party is entitled to a single appeal, to be deferred until a final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, )), 116 S. Ct. 1712, 1718, 135 L.Ed.2d 1 (1996) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S.Ct. 1992, 1995, 128 L.Ed.2d 842 (1994)).