Senators v. Gardner, et al.          CV-02-244-M    05/29/02
                        UNITED STATES DISTRICT COURT

                          DISTRICT OF NEW HAMPSHIRE


Senators Clifton Below;
Burt Cohen; Lou D'Allesandro;
George Disnard; Mark Fernald;
Beverly Hollingworth;
Sylvia Larsen; Caroline McCarley;
Daniel O'Neil; Debora Pignatelli;
and Katherine Wheeler,
        Plaintiffs

        v.                                    Civil No. 02-244-M
                                              Opinion No. 2002 DNH 106
William M. Gardner, Secretary of State;
Senator Arthur P. Klemm, Jr., in his
Capacity as N.H. Senate President; and
The New Hampshire Senate,
        Defendants


                          **O R D E R**


        Two of three named defendants have removed this legislative

redistricting case from the New Hampshire Supreme Court to the

United States District Court for the District of New Hampshire.

See 28 U.S.C. §§ 1441 and 1443(2).  Given the time-sensitive

nature of the issues presented and the compelling interest of the

State of New Hampshire in reapportioning its legislative

districts, the court has given this matter expedited

consideration.

Removal is improper for several reasons, and the case is hereby remanded to the New Hampshire Supreme Court.

First, all defendants have not consented to removal, as is required. See, e.g., Hill v. Phillips, Barratt, Kaiser Eng'g, Ltd., 586 F. Supp. 944, 945 (D. Me. 1984) ("Where there are multiple defendants, all must consent to or join in the petition for removal.") (citations omitted). Here, Secretary of State Gardner has neither consented to nor joined in the removal petition.

Second, although the underlying state court petition makes passing reference to federal statutory and constitutional provisions, it is plain that the petition seeks relief based exclusively upon state constitutional and statutory authority.[1]

---

[1] For example, plaintiffs in the underlying petition assert that, "The legislature's failure and refusal to form constitutionally valid senate districts prior to the close of the 2002 regular session should be declared a violation of Part 2, Article 26 of the N.H. Constitution." Petition at 10. Plaintiffs go on to assert that, "Part 1, Article 11 of the N.H. Constitution guarantees the petitioners 'equal right to vote in any election' and their 'equal right to be elected into office.' See also N.H. Const., pt. 1, arts. 1 and 2. Further delay in determining the boundaries of the 2002 senate districts could deprive them of those fundamental rights." Id., at 11.

The petition does not, in other words, present a "substantial claim founded 'directly' upon federal law." Cox. v. Int'l Union of Operating Eng'rs, 672 F.2d 421, 422 (5th Cir. 1982) (citation omitted). Consequently, the relief petitioners seek in the New Hampshire Supreme Court does not necessarily depend "on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 28 (1983). "[W]hat is essentially a state law claim cannot be transformed into a federal one by the mere assertion, either anticipated by plaintiffs or raised by defendants, of a federal defense." Stephenson v. Bartlett, 180 F. Supp. 2d 779, 783 (E.D.N.C. 2001) (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152-53 (1908)). Accordingly, the petition is not properly subject to this court's removal jurisdiction pursuant to 28 U.S.C. § 1441.

Finally, removal is not proper under 28 U.S.C. § 1443(2). In short, defendants have failed to make even a colorable claim that, if the New Hampshire Supreme Court is forced to intervene and formulate a redistricting plan, defendants' compliance with that plan would compel them to violate the Voting Rights Act, 42

3

U.S.C. § 1973.  See Sexson v. Servaas, 33 F.3d 799, 803-04 (7th
Cir. 1994); Stephenson, 180 F. Supp. 2d at 784-85.


Of course, it probably should also be noted that if any
party were to file a discrete cognizable federal suit related to
redistricting in New Hampshire, it is well-settled federal policy
that federal courts should defer consideration of the merits of
such claims while state political and judicial branches are
effectively endeavoring to develop a constitutionally valid plan.
See, e.g., Growe v. Emison, 507 U.S. 25, 33-34 (1993); Scott v.
Germano, 381 U.S. 407, 409 (1965).


## Conclusion

To be sure, federal and state courts stand ready to decide
these matters when the political branches of government cannot,
or will not, fulfill those responsibilities entrusted to them by
the state's citizens.  It is, however, certainly preferable that
the political branches do their utmost to resolve what are
essentially political questions, rather than abdicating
redistricting responsibilities to the courts.

Removal jurisdiction has not been effectively invoked.  The petition is, therefore, remanded to the New Hampshire Supreme Court.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 29, 2002

cc:  Clerk, New Hampshire Supreme Court
     John P. Kacavas, Esq.
     Barry J. Glennon, Esq.
     Orville B. Fitch, II, Esq.
     Charles G. Douglas, III, Esq.
     Richard J. Lehmann, Esq.