Frederick **MYERS**, Plaintiff,

v.

**COUNTRYWIDE HOME LOANS, INC.**, Defendant.

No. CIV.A. 304CV2256N.

United States District Court, N.D. Texas, Dallas Division.

May 10, 2005.

J. Neal Prevost, Addison, TX, for Plaintiff.

Patricia B. Lehtola, Dallas, TX, for Defendant.

### ORDER

GODBEY, District Judge.

Before the Court is Plaintiff Myers's motion to abstain and remand. Because the rights at issue here arise out of the parties' private contractual agreement, rather than federal law, the Court grants the motion to remand.

Myers brought suit against Countrywide Home Loans, Inc., successor in interest to Ryland Mortgage Company ("Countrywide") for wrongful foreclosure in the 68th Judicial District Court of the State of Texas, in Dallas County, Texas. In his original "complaint," Myers alleges that he bought property with funds borrowed pursuant to a note that was secured by a deed of trust. The deed of trust provides, in pertinent part:

> (d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclosure if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by the regulations of the Secretary.

Plaintiff's Original Complaint, Ex. B, ¶ 9(d). Myers further alleges that Countrywide wrongfully foreclosed on his property in violation of the HUD regulations, and seeks to set aside the foreclosure and recover incidental damages and attorneys' fees. Countrywide timely removed to this Court, alleging federal question jurisdiction by virtue of the incorporation of HUD regulations into the deed of trust.

The Fifth Circuit's most recent consideration of when a federal right embedded in a state law cause of action can give rise to federal question jurisdiction was in *How-ery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir.2001) (Higginbotham, J.). The Court there held:

> Under *Gully* [*v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ] and *Franchise Tax Board* [*v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ], the complaint also creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. Ultimately, whether a federal issue embedded in the matrix of a state law claim will support federal question jurisdiction entails a pragmatic assessment of the nature of the federal interest at stake . . . .

*Id.* at 917 (footnotes omitted).

Some fifteen years before, Judge Higginbotham also addressed whether a contractual incorporation of a federal standard gives rise to a federal right or a state right.

> This is a suit on a contract. That contract included a provision according to which the buyer would pay the maximum rate allowed by law. Because maximum rates are fixed by federal law, construction of the contract requires answering a federal-law question that will necessarily dominate the merits portion of this dispute. But the presence of a federal issue, however much it may dominate the case, is insufficient to confer federal-question jurisdiction. On the contrary, such jurisdiction is conferred by statute only when the plaintiff is asserting a right created by federal law. *See, e.g., Superior Oil Co. v. Pioneer Corp.,* 706 F.2d 603, 605–06 (5th Cir. 1983), *cert. denied,* 464 U.S. 1041, 104

S.Ct. 706, 79 L.Ed.2d 171(1984); *Cox v. International Union of Operating Engineers,* 672 F.2d 421 (5th Cir.1982). As we pointed out in *Superior Oil,* the federal statutes imposing "price ceilings do not give the gas producer a federal right to receive a particular price for its gas." 706 F.2d at 606 (citation omitted) (emphasis in original).

The sellers attempt to distinguish *Superior Oil* by arguing that the federal regulations relevant to that case were mere price ceilings, while the law applicable to this case creates such a web of rights and obligations between producers and purchasers that it amounts to a "utility-type" statute. Neither party, however, has pointed to any provision of federal law that requires the defendant to pay a higher price than it did pay. At oral argument, both parties conceded that they would have been permitted by federal law to agree on a price that was lower than the maximum lawful price. It is only because of the contract's provisions that the sellers are able to assert a claim to the maximum lawful price—neither this claim nor the seller's right to receive the agreed upon price arises from federal law. Accordingly, federal-question jurisdiction is lacking. Because no other basis for federal subject-matter jurisdiction has been suggested, we are compelled to dismiss the action.

*Oliver v. Trunkline Gas Co.,* 789 F.2d 341, 343 (5th Cir.1986) (footnote omitted). *See also* 13B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3563, at 54 (2d ed.1984) (stating "sounder view" is that state statute incorporating federal law as state standard does not give rise to federal question jurisdiction unless "federal law is applicable by its own force").

Here there is no federal right at issue. Myers does not contend that there is a private right of action for violation of the HUD regulations. Absent the parties' contract—the deed of trust—Myers would have no right to complain of Countrywide's alleged violation of the HUD regulations. As in *Oliver,* it is only because of the contract's provisions that Myers is able to assert a claim for violation of HUD regulations. Thus, the right at issue arises from state law—the right to performance of a contract in accordance with its terms. Because only a state right is at issue here, rather than a federal right, the first prong of *Howery* is not met. Accordingly, the Court holds there is no federal question subject matter jurisdiction.

The Court therefore grants Myers's motion to remand and orders that this case be remanded to the 68th Judicial District Court of the State of Texas.