AETNA CASUALTY & SURETY CO., et al., Plaintiffs-Appellants,

v.

Michael A. HILLMAN, et al., Defendants-Appellees.

No. 85–3057.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1986.

---

Donald O. Collins, John M. Holahan, Jr., New Orleans, La., for plaintiffs-appellants.

Robert H. Schmolke, Edmund J. Schmidt, III, Baton Rouge, La., for Hillman.

Nel F. Vezina, Gretna, La., for James A. Freeman.

Howard Daigle, Jr., New Orleans, La., Docia L. Dalby, Baton Rouge, for GE Credit Corp.

Dennis C. Weber, Baton Rouge, La., for David Gyer.

Before GEE, RANDALL, and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

Appellant United States Fidelity and Guaranty Company (USF&G) appeals the district court's grant of defendants' motion to dismiss for lack of subject matter jurisdiction and its determination that the suit was in any event not appropriate for declaratory relief. We affirm.

### Facts and Proceedings Below

In December 1983, a fire completely destroyed a 1973 Mitsubishi aircraft parked at the Iberville Parish Airport. The air-

plane was owned by Freeman and Gyer Rentals and leased to James A. Freeman, David Gyer, and Michael A. Hillman, d/b/a FGH Flying Service. The airplane was mortgaged to General Electric Credit Corporation (GECC) and insured by United States Aircraft Insurance Group (USAIG).

USAIG is a conglomerate of nineteen insurance companies. Policies of insurance are issued by USAIG rather than through a particular member company. When the insurer files suit respecting a policy, the suit is filed in the name of a member company chosen by the group rather than in the name of USAIG. Policies issued by USAIG specifically provide that any member company may file suit.[1] The member companies are incorporated and have principal places of business in various states.

Shortly after the fire, counsel for the owner and lessees began negotiating settlement of the insurance claim with local counsel for USAIG. In March 1984, insurance counsel filed on behalf of Aetna Casualty & Surety Company (Aetna), a member company of USAIG, a suit for declaratory judgment in the United States District Court for the Middle District of Louisiana. GECC and the lessees were named defendants. Aetna alleged that the fire was intentionally set by or at the direction of the plane's owner and lessees. Aetna's complaint alleges that it is a Connecticut corporation with its principal place of business in that state and that it issued the policy in question. The complaint makes no mention of any other insurance company or of USAIG, and it contains not the slightest indication that any other party might have an interest in the case as plaintiff, or that Aetna was in any way or to any extent acting in a representative capacity either in issuing the policy or in bringing the suit. The lessees, the federal court defendants who are appellees here, immediately filed suit in Louisiana state court seeking the insurance proceeds and penalties and adding a claim for defamation against members of a local law firm representing USAIG.[2]

Prior to the filing of any responsive pleadings in the federal court action, a first amended complaint pursuant to Fed.R. Civ.P. 15 was filed substituting USF&G, a member company of USAIG, as plaintiff in place of Aetna. The Attorney General of Louisiana originally had informed USAIG that GECC was a New York corporation; however, after the suit was filed Aetna learned that GECC was incorporated in Connecticut. Since Aetna is also a domiciliary of Connecticut, there was not complete diversity of citizenship. The mentioned amended complaint substituting USF&G, a Maryland corporation, as plaintiff in lieu of Aetna, was then filed. The amended complaint alleges that USF&G is a Maryland corporation with its principal place of business in that state. Otherwise, it amends the complaint simply by substituting USF&G for Aetna throughout (including the caption). The amended complaint makes no mention of any other insurance company or of USAIG, and contains no indication that any party other than USF&G might have an interest in the case as plaintiff or that USF&G was in any way or to any extent acting in a representative capacity either in issuing the policy or bringing the suit. GECC filed a Fed.R. Civ.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, claiming there was incomplete diversity between GECC and Aetna and that USF&G was collusively

---

1. The policy states:

    "**Legal actions.** Each of us named on the front cover of this policy, or the Aviation Managers, can bring a suit against you if you fail to pay a premium when it's due, or fail to live up to the terms of this policy in any other way. Any judgment involving one of us or the Aviation Managers will be binding on all."

2. Local counsel for Aetna removed the lessees' suit from state court to the federal district court;

however, the case was remanded for lack of diversity jurisdiction. In the meantime, GECC filed suit on its mortgage note against the plane's owner and lessees in Louisiana Civil District Court for Orleans Parish (Cause No. 84-9551). In addition to these two suits, there were at least two other suits related to the destruction of the aircraft pending in Louisiana state courts when the case at bar was dismissed.

joined as a plaintiff for the purpose of creating diversity jurisdiction in violation of 28 U.S.C. § 1359.[3] The remaining defendants filed similar Rule 12(b)(1) motions adopting GECC's arguments. In addition, defendants Hillman, Gyer, Freeman, Freeman and Gyer Rentals, and the FGH Flying Service filed a motion to dismiss for failure to join an indispensable party, claiming that each of the eighteen domestic insurance companies that make up USAIG should be joined.

After the substitution of counsel for Aetna on motion of one of the defendants claiming a conflict of interest, Judge Polozola held a hearing regarding GECC's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Judge Polozola found that Aetna was not a diverse plaintiff at the time the suit was filed and, therefore, the court had no jurisdiction. The judge reasoned that if the court did not have jurisdiction at the time the suit was filed, it had no jurisdiction over the amended complaint. He reinstated Aetna as a party plaintiff and then dismissed the case for lack of subject matter jurisdiction. As an alternative reason for his dismissal, the judge held the suit was in any event not an appropriate one for declaratory relief due to the pendency of the state court actions dealing with the same issues.

On November 13, 1984, USF&G filed a motion requesting the district court to reconsider its ruling on the motions to dismiss and to allow plaintiff to present newly discovered evidence regarding the alleged nondiverse defendant GECC. USF&G also moved to depose GECC regarding its status as a real party in interest in the suit. On January 7, 1985, the district court made a minute entry denying the motion to reconsider for the reasons set forth in the earlier dismissal. A judgment dated January 14, 1985 was then entered "dismissing this suit without prejudice at plaintiff's cost." USF&G filed an appeal to this court.[4] USF&G asserts that the amendment substituting plaintiffs was in accord with federal procedure and that the district court had abused its discretion in refusing to hear the case under the declaratory judgment act.

**Discussion**

Federal courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement District,* 665 F.2d 594, 595 (5th Cir.1982); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 548 (5th Cir. 1981). Federal courts have jurisdiction over suits between citizens of different states if the amount in controversy is over $10,000. 28 U.S.C. § 1332. Aetna and GECC as corporations are each deemed to be citizens both of the state in which they are incorporated and of the state where they have their principal place of business. 28 U.S.C. § 1332(c). Since the early 1800s, United States courts have construed the requirement for diversity to mean that all plaintiffs must have a different citizenship from all defendants. *Stawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Aetna, the original plaintiff, is and was a citizen of Connecticut and GECC, a defendant, is and was also a citizen of Connecticut, so that complete diversity as defined in *Strawbridge v. Curtiss, supra,* did not exist at the time suit was filed. It was attempted to cure the jurisdictional defect by amending the original complaint under Rule 15 to name USF&G as a plaintiff in place of Aetna. USF&G is a citizen of Maryland such that complete diversity would, at least facially, appear to then exist.

---

**3.** 28 U.S.C. § 1359 states:

    **§ 1359. Parties collusively joined or made**

    "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

**4.** The notice of appeal states that notice is given "that the plaintiff, United States Fidelity and Guaranty Company, or in the alternative, Aetna Casualty & Surety Company, appeal to the United States Court of Appeals for the Fifth Circuit from the final judgment in this action dated January 14, 1985."

USF&G argues that Rule 15 allows an amendment curing the jurisdictional defect, and that the amendment relates back to the original complaint so that at the time the case was filed diversity jurisdiction existed. Rule 15 states:

"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served....

" . . . .

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The attempt to amend can be viewed from two perspectives. One is that USF&G and Aetna are separate entities bringing suit in their own names and rights. The other view is that each is a designated representative of USAIG.

▍ If USF&G and Aetna are separate entities each suing in its own right, then the amendment is not effective because if Aetna did not have the ability to bring the suit in federal court it could not amend. This is distinct from the situation where a plaintiff amends his complaint to drop a nondiverse party. A district court can drop a nondiverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction. *Field v. Volkswagenwerk Ag,* 626 F.2d 293, 296 (3d Cir.1980); *Ralli-Coney, Inc. v. Gates,* 528 F.2d 572 (5th Cir.1976). In the latter situation, the party amending remains in the suit after the nondiverse party is dropped. In the case at bar, once Aetna withdrew from the lawsuit there was no longer a suit, as there was no longer any plaintiff, and replacing the plaintiff with USF&G necessarily created a new lawsuit. This Court addressed an analogous situation in *Summit Office Park v. United States Steel Corp.,* 639 F.2d 1278 (5th Cir.1981). In *Summit Office Park,* this Court stated that where a plaintiff never had standing to assert a claim against the defendant, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, or a new cause of action. *Id.* at 1282–83. Summit, an indirect purchaser of materials, had filed an antitrust suit against manufacturers of reinforced steel bars. After the filing of the suit, but before the case was tried, the United States Supreme Court announced its decision in *Illinois Brick Co. v. Illinois,* 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), in which the Court stated that indirect purchasers of material had no standing to assert antitrust claims. Summit then attempted to amend its original complaint to name a restructured class limited to direct purchasers only. This Court held that since Summit had no standing to assert the claim, it had no standing to create a new lawsuit for new plaintiffs. The Court stated: "A pleading which abandons the original plaintiff and class and asserts new claims upon which the original plaintiff and class could not recover, has the characteristics of a new lawsuit rather than an amended complaint." *Id.* 97 S.Ct. at 1284. The case at bar also can be characterized as a new lawsuit. Because there was no diversity jurisdiction, Aetna had no ability to assert a claim under the insurance contract against Hillman, GECC, and the other defendants. As in *Summit Office Park,* under the amended complaint

USF&G's claim has the characteristics of a new lawsuit.[5]

There are also problems if Aetna and USF&G are viewed as representatives of USAIG with the authority to bring suit. Neither Aetna nor USF&G has tendered, here or below, any clear explanation or showing of the relationship between the various member companies of USAIG. The type of relationship is crucial to determining if diversity jurisdiction exists in this case. If the group is an unincorporated association, then the citizenship of each member must be considered in determining diversity jurisdiction. *Navarro Savings Association v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980). If the group is a general partnership, the citizenship of each partner is considered in determining diversity jurisdiction. *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir.1979). Complete diversity would not exist in either of these situations (unincorporated association or general partnership) because Aetna, a member of USAIG, has the same citizenship as GECC. In other situations, we look to the citizenship of the real party in interest to determine diversity jurisdiction. *Navarro, supra; Wolff v. Wolff*, 768 F.2d 642 (5th Cir.1985). Courts have looked at who has control of the entity, whether one class of membership has greater power to make decisions than another class, and whether the members of the group have limited liability. *See Lee v. Navarro Savings Association*, 597 F.2d 421 (5th Cir.1979), *aff'd* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) (the Supreme Court majority neither relied upon nor discredited this Court's analysis); *Wroblewski v. Brucher*, 550 F.Supp. 742, 751 (W.D.Okla.1982); *but see Elston Investment Ltd. v. David Altman Leasing Corp.*, 731 F.2d 436 (7th Cir.1984) (citizenship of all partners in a limited partnership must be looked to in determining diversity jurisdiction; managerial responsibility is not determinative); *Carlsberg Resources Corp. v. Cambria Savings & Loan Association*, 554 F.2d 1254 (3d Cir.1977) (differences between classes of members or partners is not significant in determining diversity jurisdiction; courts look to the citizenship of each member or partner). From the little information we have regarding the organization of USAIG it appears that the citizenship of each member should be considered. *Cf. Arbuthnot v. State Automobile Insurance Association*, 264 F.2d 260 (10th Cir.1959).

The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. *Epps*, 665 F.2d at 595; *Miller Brewing*, 663 F.2d at 549. USF&G has failed to meet its burden of proof because it has not tendered any adequate showing that the relationship between the members of USAIG is such that we should disregard the citizenship of other members and look only to the citizenship of the designated representative bringing the suit in determining diversity jurisdiction.

USF&G argues that 28 U.S.C. § 1653 allows it to amend its pleading to cure the jurisdictional defect. Section 1653 states: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." USF&G misreads section 1653. Section 1653 provides a method for curing defective *allegations* of jurisdiction. It is not to be used to create jurisdiction retroactively where it did not previously exist. *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir.1985) (section 1653 applies to technically inadequate allegation of jurisdiction, not new causes of action); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 306 (3d Cir. 1980) (section 1653 applies only to defective

---

**5.** There appears to have been no statute of limitations problem which prevented USF&G from initially filing a new suit. Defendants allege that Aetna and USF&G attempted to amend the complaint rather than to file a new suit because of concern that the federal court would decline jurisdiction of the declaratory judgment action due to the pending state court suits. There are indications, however, that the amended complaint was filed prior to the filing of the state court suits. The sequence is unclear on the record; however, it is not determinative of our decision.

allegations of jurisdiction); *Russell v. Basila Manufacturing Co.*, 246 F.2d 432, 433 (5th Cir.1957) (where defect is basic and actual rather than formal, amendment pursuant to 28 U.S.C. § 1653 is unavailing). Here there was not merely a defective allegation of jurisdiction, but rather there was no tendered showing that jurisdiction in fact existed under the original or amended complaint. Therefore section 1653 is inapplicable.

USF&G also complains that the district court should have allowed it to demonstrate that GECC was no longer a real party in interest such that complete diversity would exist without amendment of the complaint. USF&G claims that it had received information that GECC had settled with its insurer. While it is not clear from the record when the purported settlement occurred, it definitely occurred *after* Aetna filed the lawsuit. The citizenship of a party at the *commencement* of the action is controlling for purposes of determining diversity jurisdiction and subsequent actions do not affect the court's jurisdiction. *Oliney v. Gardner*, 771 F.2d 856, 858 (5th Cir.1985); *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970). Jurisdiction cannot be created retroactively by substituting a diverse claimant for a nondiverse party. *Field*, 626 F.2d at 304–05. At the commencement of this suit, there was not complete diversity of citizenship and the federal district court had no subject matter jurisdiction. If a federal court lacks subject matter jurisdiction, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); *see* C. Wright, *Federal Courts* 24 (4th ed. 1983).

Finally, USF&G claims the district court's alternate ground for dismissal, refusal to hear the case under the declaratory judgment act, was an abuse of discretion. Because we find that the district court had no subject matter jurisdiction over this case, we need not reach this issue.

### Conclusion

Diversity jurisdiction is determined based upon the citizenship of a party at the time the case is filed. At the time this case was filed, complete diversity did not exist. The federal court had no subject matter jurisdiction. Rule 15 and 28 U.S.C. § 1653 do not allow a party to amend to create jurisdiction where none actually existed. We affirm the district court's decision.

AFFIRMED.