**WALK HAYDEL AND ASSOCIATES, INC.**

v.

**COASTAL POWER PRODUCTION COMPANY, et al.**

**Civil Action No. 95–3634.**

United States District Court, E.D. Louisiana.

July 31, 1996.

---

Frank H. Walk, Jr., Frank H. Walk, Jr., Attorney at Law, New Orleans, LA, for plaintiff.

Ernest Lanier Edwards, David F. Waguespack, Lemle & Kelleher, New Orleans, LA, Eric D. Rosenberg, Roberto Martinez, Greenberg, Taurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, Lawrence Emerson Abbott, Abbott, Simses, Album, Knister & Baynham, New Orleans, LA, Timothy Mathison, City Attorney, Slidell, LA, for defendant Coastal Power Production Co.

Ernest Lanier Edwards, David F. Waguespack, Lemle & Kelleher, New Orleans, LA, Eric D. Rosenberg, Roberto Martinez, Greenberg, Taurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, Judy Perry Martinez, Simon, Peragine, Smith & Redfearn, New Orleans, LA, for defendant La Casa Castro S.A. de C.V.

Ewell E. Eagan, Jr., Donna Phillips Currault, Camille Bienvenu Poche, Gordon, Arata, McCollam & DuPlantis, Roderick Christopher Patrick, Roderick Christopher Patrick, Attorney at Law, David C. Hesser, Patrick & Hesser, James Manus McCaffery, James M. McCaffery, Attorney at Law, New Orleans, LA, for defendant Latin American Energy Development, Inc.

Ernest Lanier Edwards, David F. Waguespack, Lemle & Kelleher, New Orleans, LA, Eric D. Rosenberg, Roberto Martinez, Greenberg, Taurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, for third-party defendant Tenneco Gas Intern.

George William Jarman, Charles Simon McCowan, III, Kean, Miller, Hawthorne, Darmond, McCowan & Jarman, Baton Rouge, LA, Brian Rosner, Edward Kehoe, Mark Vasco, King & Spalding, New York City, for third-party defendant Trigen Energy Corporation.

### ORDER AND REASONS

MENTZ, District Judge.

Before the court is a timely motion to remand under 28 U.S.C. § 1447(c) asserting a lack of subject matter jurisdiction and defects in removal procedure.

This suit arises out of the bidding, construction, and ownership of an electrical power plant in El Salvador. Walk Haydel & Associates, Inc. (Walk Haydel) filed suit in state court against La Casa Castro S.A. de C.V. (La Casa Castro), Coastal Power Production Company (Coastal), and Latin American Energy Development, Inc. d/b/a DELASA (DELASA) to recover professional engineering fees in the amount of $14,905.44 incurred in connection with the design of the power plant. DELASA then filed cross-claims against Coastal and La Casa Castro, and third-party demands against Tenneco Gas International, Inc. (Tenneco) and Trigen Energy Corporation (Trigen) alleging that these cross-defendants and third-party defendants deprived DELASA of its equity interest in the power plant in breach of contract and violation of numerous other state laws.

Thereafter, Tenneco and Trigen entered into an agreement with Walk Haydel to "compromise and settle any and all claims that Walk Haydel had, has, or may have against Tenneco and/or Trigen" in connection with the power plant. Trigen and Tenneco paid Walk Haydel the full amount of its demand ($14,905.44) in return for which Walk Haydel assigned to Trigen and Tenneco any and all rights and claims it had against Coastal, La Casa Castro, and DELASA. Pursuant to that agreement, the state court entered an order dismissing with prejudice all of Walk Haydel's claims.

Two days later, Trigen removed the suit to this court with the consent of La Casa Castro, Coastal, and Tenneco. Trigen alleged removal jurisdiction under 28 U.S.C. § 1441(a) based on diversity jurisdiction.

DELASA has moved for a remand on the ground that this court lacks subject matter jurisdiction. DELASA contends that diversity jurisdiction has been improperly and collusively invoked in violation of 28 U.S.C. § 1359.

The parties opposing remand, La Casa Castro, Coastal, and Tenneco,[1] argue that DELASA waived the right to seek remand by filing discovery requests prior to

---

1. After removal, DELASA dismissed its third-party claim against Trigen without prejudice.

filing the motion to remand. The claim that jurisdiction was collusively created is a jurisdictional defect under § 1359 which is not subject to waiver. *See In re Shell Oil Co.*, 932 F.2d 1518, 1522–1523 (5th Cir.1991), *cert. denied*, 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992).

■■■ The question before the court is whether the settlement between the plaintiff, Walk Haydel, and the third-party defendants, Tenneco and Trigen, created jurisdiction improperly or collusively. Section 1359 provides:

A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

The purpose of § 1359 is "to prevent the manipulation of jurisdictional facts where none existed before—for example, through collusive assignments from a non-diverse party to a diverse party." *Nolan v. Boeing Co.*, 919 F.2d 1058, 1067 (5th Cir.1990), *cert. denied*, 499 U.S. 962, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991); C. Wright and A. Miller, *Federal Practice and Procedure* § 3637 at 92 ("the general rule is that a party cannot manufacture diversity that would not otherwise exist.")

When Walk Haydel commenced this suit, there was no basis for original federal jurisdiction because both Walk Haydel and DELASA are Louisiana citizens, and the parties asserted only state law claims. Once the state court entered an order dismissing Walk Haydel, the only claims remaining were DELASA's third-party demands and cross-claims. DELASA is diverse from all the defendants on those claims. Coastal, Tenneco, and Trigen are Delaware citizens, and La Casa Castro is a citizen of El Salvador. Thus, the suit which was initially non-removable became removable when Walk Haydel settled all its claims in the compromise agreement with Tenneco and Trigen. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967) (a case non-removable on the initial pleadings can become removable pursuant to a voluntary act of the plaintiff); 28 U.S.C. 1446; *Federal Practice and Procedure* § 3723 (the citizenship of parties dis-

missed is not relevant in determining diversity).

Typically, cases where § 1359 is invoked involve an assignment or other agreement that enables a diverse party to pursue litigation in federal court for the benefit of a non-diverse party who retains a substantial interest in the outcome of the litigation. The case at bar is unlike the typical scenario because Walk Haydel has retained no interest or rights in this litigation. The settlement totally divested Walk Haydel of any interest in this lawsuit, or any recovery. Adequate consideration was paid for the settlement. Neither Tenneco nor Trigen have sought to enforce the assignment from Walk Haydel, although they have the right to do so.

■■■ Here, the settlement rather than the assignment is what is at issue. The case became removable upon the dismissal of Walk Haydel's claims. The assignment has no bearing on the creation of jurisdiction in this case. By its own terms, § 1359 applies to situations of collusive jurisdiction created "by assignment or otherwise." Therefore, § 1359 clearly applies to any agreement or transaction devised to manufacture jurisdiction, including settlement agreements.

■■■ Although there was diversity on the third-party claims DELASA brought, those claims were not subject to removal as long as Walk Haydel's claims were pending. Even though the third-party demand is wholly separate from Walk Haydel's claims, Trigen could not have removed it as a separate and independent claim under § 1441(c) because there is no federal question involved. Section 1441(c) limits removal of separate and independent claims or causes of action to situations in which a federal question is asserted by the plaintiff. *See Federal Practice and Procedure* § 3724 (West Supp. at 167). Therefore, by settling Walk Haydel's claims, Tenneco and Trigen created removal jurisdiction where none previously existed under § 1441(a) based on diversity of citizenship. Without the settlement, Trigen could not have removed the suit to this court.

[redacted] When the propriety of removal is challenged, the party invoking the federal court's jurisdiction bears the burden of establishing federal jurisdiction. *See Aetna Casualty & Sur. Co., v. Hillman,* 796 F.2d 770, 775 (5th Cir.1986). The parties opposing remand have offered no reason as to why Tenneco and Trigen agreed to pay Walk Haydel's engineering fees. Walk Haydel did not sue Tenneco or Trigen. DELASA did not seek contribution from Tenneco or Trigen for Walk Haydel's fees. There has been no attempt to show that Walk Haydel had even a possible cause of action against Tenneco or Trigen. Without any suggestion of a business or legal reason for the settlement, the court finds that Tenneco and Trigen volunteered to settle with Walk Haydel for the sole purpose of manufacturing removal jurisdiction.

[redacted] It is well-accepted that a transaction may be deemed collusive or improper even though it is legal and valid under state law. *Kramer v. Caribbean Mills, Inc.,* 394 U.S. 823, 827–30, 89 S.Ct. 1487, 1490–91, 23 L.Ed.2d 9 (1969). It is also well-accepted that parties may legitimately try to obtain the jurisdiction of federal courts. However, in *Steele v. Hartford Fire Ins. Co.,* 788 F.2d 441, 444 (7th Cir.1986), the Seventh Circuit suggested in dicta that an otherwise valid assignment violates § 1359 if the *sole* purpose is to gain a federal forum.

> [I]f getting into federal court was the sole purpose of the assignment, then even if the assignment was supported by consideration and was lawful under state law, one could question in just what sense the assignment was bona fide, and, more to the point, could ask whether it is not the precise purpose of § 1359 to discourage people from using the device of assignment to get access to the federal courts.

*Id.* at 444. This court agrees and specifically finds that entering into a transaction *solely* as a tactical device to gain access to federal court is prohibited by § 1359.

It is clear that the settlement with Walk Haydel was made solely for the purpose of manipulating the jurisdictional facts to enable removal. Removal jurisdiction could exist only by virtue of the settlement. While the settlement itself is not collusive or a sham, the purpose was improper. The court has no reason to believe that this settlement would have been made but for a desire to create removal jurisdiction.

Both DELASA and the parties invoking federal jurisdiction relied upon *Harvey Constr. Co. v. Robertson–Ceco Corp.,* 10 F.3d 300 (5th Cir.1994), in support of their respective positions. In *Harvey,* the owner of a building, 3DT, sued its general contractor, Harvey Construction Company, and the subcontractor, Robertson–Ceco Corporation and its supplier, Hexcel Corporation, in state court. Although Harvey had a claim for indemnity against Robertson, it was not formally asserted in the state court suit.[2] 3DT subsequently dismissed without prejudice its claims against Robertson and Hexcel and entered into a settlement agreement with Harvey in which it assigned all of its claims against Robertson to Harvey. A week later, Harvey sued Robertson in federal court alleging diversity jurisdiction on its own claim for indemnity as well as the assigned claims from 3DT. In ruling on Robertson's motion to remand, the Fifth Circuit distinguished between Harvey's own indemnity claim and the assigned claims from 3DT. The court held that § 1359 did not bar Harvey's own indemnity claim because diversity of citizenship existed on that claim, (which was brought for the first time in federal court), without any manipulation of jurisdictional facts. With respect to the assigned claims, the court found that its jurisdiction depended on whether 3DT and Robertson were diverse. If they were not diverse then the assignment in which 3DT retained a 95% interest in any recovery, created collusive jurisdiction; on the other hand, if 3DT and Robertson were diverse, then jurisdiction existed naturally

2. In discussing the opinion in *Harvey,* La Casa Castro, Coastal, and Tenneco incorrectly contend that the indemnity claim was pending in the state court suit. The facts as described by the Fifth Circuit clearly indicate that the indemnity claim was not brought in state court. "Harvey did not file a cross-action for indemnification in 3DT's state court suit, nor did Robertson ever offer to indemnify or to defend Harvey in 3DT's suit." *Id.* at 302.

and was not created by collusive assignment. The court noted in footnote 10 that:

> The fact that the alleged collusion stemmed from the state court action in which there was no basis for federal jurisdiction because 3DT sued both Harvey and Robertson has no effect on the district court's jurisdiction or on the merits. 3DT could have created a collusive settlement without instigating judicial procedures or by suing only Harvey.

In comparison, the present case was removed from state court. As third-party defendants, neither Tenneco nor Trigen had alternative means to bring their disputes into federal court, and the only viable means for them to establish removal jurisdiction was to obtain a dismissal of Walk Haydel from the lawsuit. This is true, even though diversity exists on the claims between DELASA and Coastal, La Casa Castro, Tenneco, and Trigen. Therefore, in volunteering to pay Walk Haydel's claims, Tenneco and Trigen essentially bought federal jurisdiction for $14,905.44.

Unlike the situation in *Harvey,* the settlement in this case was designed to create federal removal jurisdiction. Even though diversity existed on the third-party demands and cross-claims, the parties seeking to invoke federal jurisdiction in this case could not have brought their disputes before this court except through manipulation of the jurisdictional facts in the state court action. As there appears to be no other reason for the settlement with Walk Haydel, the court finds that the settlement was collusive and improper within the meaning of § 1359.

Having found that this court lacks jurisdiction pursuant to 28 U.S.C. § 1359, the court finds that this case was removed in violation of § 1441(a)'s requirement of original jurisdiction. Accordingly, the case must be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. There is therefore, no need to address the alleged defects in removal procedure.

With respect to DELASA's claim for fees and costs under § 1447(c), the party who filed the notice of removal, Trigen, is no longer before this court. After removal, DELASA dismissed Trigen. The parties seeking to maintain this court's jurisdiction did not actually remove the suit, although they consented to the removal. The court declines to assess costs or expenses against parties who simply consented to the removal.

Accordingly,

IT IS ORDERED that the motion to remand filed by third-party plaintiff Latin American Energy Development, Inc. d/b/a DELASA is **GRANTED** pursuant to 28 U.S.C. § 1447(c). DELASA's request for costs and expenses under 28 U.S.C. § 1447(b) is **DENIED.** The Clerk shall remand this suit to the Civil District Court, Parish of Orleans, Louisiana.