# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-3829WA

_____

Associated Insurance Management           *
Corporation; Colonia Insurance            *
Company,                                   *
                                           *
        Plaintiffs-Appellees,    *
                                           *
   v.                                      *
                                           *
Arkansas General Agency, Inc.;             *
                                           *
        Defendant-Appellant,     *
                                           *
Rick W. Welch,                             *   Appeals from the United States
                                           *   District Court for the Western
        Defendant.               *   District of Arkansas.
_____                        *
                                           *
Arkansas General Agency, Inc.,             *
                                           *
        Third Party Plaintiff-   *
        Appellant,               *
                                           *
   v.                                      *
                                           *
Colonia Underwriters Insurance            *
Company,                                   *
                                           *
        Third Party Defendant-   *
        Appellee.                *

_____

No. 96-3861WA
_____

Associated Insurance Management             *
Corporation; Colonia Insurance              *
Company,                                    *
                                            *
            Plaintiffs-Appellees,            *
                                            *
    v.                                      *
                                            *
Arkansas General Agency, Inc.;              *
                                            *
            Defendant,                       *
                                            *
Rick W. Welch,                              *
                                            *
            Defendant-Appellant.             *
_____                     *
                                            *
Rick W. Welch,                              *
                                            *
            Third Party Plaintiff-           *
            Appellant,                       *
                                            *
    v.                                      *
                                            *
Colonia Underwriters Insurance             *
Company,                                    *
                                            *
            Third Party Defendant-           *
            Appellee.                        *

_____

Submitted:  March 12, 1998
Filed:  July 9, 1998
_____

Before FAGG, ROSS, and BOWMAN,[*] Circuit Judges.
_____

FAGG, Circuit Judge.

New York citizen Associated Insurance Management Corporation (Management Corporation of New York), acting under powers of attorney as a collection agent for New York citizen Colonia Insurance Company (Colonia of New York) and Arkansas citizen Colonia Underwriters Insurance Company (Colonia of Arkansas), brought this diversity-based action against Arkansas citizens Arkansas General Agency, Inc. and Rick W. Welch (collectively the Arkansas defendants) to recover premiums owed to the insurance companies.  The Arkansas defendants moved to dismiss for lack of subject matter jurisdiction, contending there was not complete diversity of citizenship between the real parties to the controversy.  The district court denied the motion, and a substantial judgment was entered against the Arkansas defendants after a trial on the merits.  The Arkansas defendants now appeal, raising jurisdictional and trial-related issues.  Because we conclude the district court lacked subject matter jurisdiction, we do not consider the other issues raised on appeal.  We remand for vacation of the judgment entered against the Arkansas defendants and for dismissal of the action.

Initially, we summarize the well-established rules of federal diversity jurisdiction that control our decision in this case.  First, we determine diversity of citizenship at the time an action is filed.  See Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir.

_____

[*]The Honorable Pasco M. Bowman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 18, 1998.

-3-

1992).  Second, complete diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) is tested by the citizenship of the real parties to the controversy, and the citizenship of an agent who merely sues on behalf of the real parties must be ignored.  See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980); Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977); Airlines Reporting Corp. v. S & N Travel, Inc., 58 F.3d 857, 861-62 (2d Cir. 1995).  Third, the Federal Rules of Civil Procedure have no bearing on the requirements of federal diversity jurisdiction.  See Navarro Sav. Ass'n, 446 U.S. at 462 n.9; Iowa Pub. Serv. Co., 556 F.2d  at 404 n.5; Airlines Reporting Corp., 58 F.3d at 861 n.4; Fed. R. Civ. P. 82.  Finally, the district court cannot retroactively create diversity jurisdiction if it did not exist when the complaint was filed.  See Sta-Rite Indus., Inc. v. Allstate Ins. Co., 96 F.3d 281, 285 (7th Cir. 1996); Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775-76 (5th Cir. 1986).  Instead, the district court must dismiss the action.  See Aetna Cas. & Sur. Co., 796 F.2d at 776.

In their motion to dismiss, the Arkansas defendants contended that rather than the named plaintiff, Management Corporation of New York, absent parties Colonia of New York and Colonia of Arkansas were the real parties in interest to enforce their premium-based claims, and thus the district court lacked jurisdiction because the citizenship of Colonia of Arkansas and the Arkansas defendants was not diverse.  The district court rejected the Management Corporation of New York's contention that it was a real party in interest because its representative role was akin to that of an assignee instead of a collection agent representing the interests of others, and ruled the insurance companies it represented were "the real parties in interest as to [their] claims."  The district court recognized that because "the citizenship of  the [insurance companies] counts for purposes of diversity jurisdiction," the presence of Colonia of Arkansas in the lawsuit "would destroy diversity jurisdiction."  Rather than dismissing the case, however, the district court was persuaded the diversity problem could be cured if instead of entering the lawsuit, Colonia of Arkansas merely ratified it by authorizing continuation of the lawsuit in its absence and agreeing to be bound by the

-4-

result.  See Fed. R. Civ. P. 17(a) (providing for continuation of lawsuit not brought by real party in interest when real party in interest ratifies, joins, or is substituted in lawsuit). Once Colonia of Arkansas filed its Rule 17(a) ratification and Colonia of New York joined the action as a party plaintiff, the district court concluded it had removed the obstacle to diversity jurisdiction and thus denied the Arkansas defendants' motion to dismiss.

Applying the law to the facts in this case, we conclude the case must be dismissed because there is not diversity of citizenship between Colonia of Arkansas and the Arkansas defendants, real parties to the controversy on the original premium-based claims.  Although the district court correctly recognized diversity was flawed from the outset, the district court went astray when it tried to finesse the overarching rule that diversity jurisdiction depends on the citizenship of the real parties to the controversy when the complaint is filed.  Thus, the district court's undertaking procedurally to cure the defect in its diversity jurisdiction was nothing more than the meaningless act of a court having no adjudicative jurisdictional power.  See Aetna Cas. & Sur. Co., 796 F.2d at 776.  Although ratification of the lawsuit under Rule 17(a) by Colonia of Arkansas, a nondiverse real party, satisfied the requirement that every action be prosecuted in the name of the real party in interest, the ratification did not retroactively confer diversity jurisdiction.  See id.; Iowa Pub. Serv. Co., 556 F.2d 404 n.5; Fed. R. Civ. P. 82 (the Federal Rules of Civil Procedure do not extend the jurisdiction of the federal district courts).  Rather than addressing jurisdiction, Federal Rule of Civil Procedure 17(a) relates only to the proper parties.  See Navarro Sav. Ass'n, 446 U.S. at 462 n.9; Iowa Pub. Serv. Co., 556 F.2d at 404 n.5; Airlines Reporting Corp., 58 F.3d at 861 n.4; Certain Interested Underwriters v. Layne, 26 F.3d 39, 42 n.1 (6th Cir. 1994).

In a last ditch effort to save the judgment entered on the jury's verdict against the Arkansas defendants, the Management Corporation of New York and the insurance companies contend "the [Management Corporation of New York] could have

prosecuted [Colonia of Arkansas's] claims as a real party in interest." We disagree. Having reviewed the powers of attorney and the underlying agreements between the Management Corporation of New York and the insurance companies, and guided by the "governing substantive law," Iowa Pub. Serv. Co., 556 F.2d at 404, we agree with the district court "that Arkansas law does not support such a [contention], and that [the Management Corporation of New York] is not a real party in interest as to [the] claims belonging to . . . Colonia Underwriters [of Arkansas]." The Management Corporation of New York brought this action merely as a collection agent representing the interests of the insurance companies, so "the citizenship of the represented individuals controls for diversity purposes [because] they are the real and substantial parties to the dispute." Airlines Reporting Corp., 58 F.3d at 862; see also 6A Charles Alan Wright et al., Federal Practice and Procedure § 1545, at 349 (2d ed. 1990).

The Management Corporation of New York and the insurance companies also argue for the first time on appeal that the district court should have dismissed the claims asserted by the Management Corporation of New York for Colonia of Arkansas, which created the diversity problem, and permitted the Management Corporation of New York and Colonia of New York to proceed alone on the claims they asserted against the Arkansas defendants in an amended complaint. Although the district court could have entertained a request for the voluntary dismissal of Colonia of Arkansas's claims to preserve diversity, neither the Management Corporation of New York nor the insurance companies asked the district court for this kind of relief. To the contrary, they persuaded the district court to use Rule 17(a) to keep Colonia of Arkansas's claims in the lawsuit. In this circumstance, the district court had no obligation to dismiss the nondiverse claims on its own motion. See Walker v. Norwest Corp., 108 F.3d 158, 162 (8th Cir. 1997). The Management Corporation of New York and the insurance companies also contend that even if they were mistaken about the effectiveness of the Rule 17(a) remedy, the Arkansas defendants cured the diversity problem when they brought Colonia of Arkansas into the case as a third-party defendant on their counterclaim and Colonia of Arkansas then asserted its claim for

premiums against the Arkansas defendants.  We disagree.  If diversity jurisdiction is lacking when a lawsuit is started--and that is the situation here--it cannot be created later when defendants use third-party practice to sue a nondiverse real party on their counterclaim.  See Lewis v. Windsor Door Co., 926 F.2d 729, 732 (8th Cir. 1991).

Finally, the Management Corporation of New York and the insurance companies belatedly ask this court to drop Colonia of Arkansas's claims and vacate its judgment because there were "two easily divisible lawsuits" and "any error in the entry of judgment relating to [Colonia of Arkansas] does not infect the judgment relating to [Colonia of New York]."  Even if we have the power to erase a nondiverse real party's claims and judgment on appeal, we decline to recast the cause of action to create diversity jurisdiction that was neither pleaded nor requested in the district court.  See United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495-96 (10th Cir. 1995).  "[T]his is not a case in which [the parties were] surprised by factual or legal developments undermining diversity jurisdiction [about] a party initially pleaded as diverse."  Id. at 1496.  Instead, this is a case in which the named plaintiff, the Management Corporation of New York, meant to litigate both insurance companies' claims in federal court.  When the Arkansas defendants raised the issue of subject matter jurisdiction, the named plaintiff and the insurance companies opted for a remedy aimed at keeping the nondiverse claims in federal court rather than asking the district court to dismiss them to preserve diversity.  As we see it, the parties have only themselves to blame for a diversity problem of their own making.

We thus reverse the district court and remand for vacation of the judgment entered against the Arkansas defendants and for dismissal of the action for lack of subject matter jurisdiction.  We also deny the Management Corporation of New York's and Colonia of New York's motion to supplement the appendix on appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.