**Fatima G. WELIVER,**

v.

**Jo Anne B. BARNHART, et al.**

**No. CIV.NO.JFM–03–3666.**

United States District Court,
D. Maryland.

March 1, 2004.

Henry Eigles, Columbia, MD, for Plaintiff.

Jennifer Lilore Huesman, Kristine L. Sendek Smith, Office of the United States Attorney, Thomas M. DiBiagio, Baltimore, MD, Judith D. Galat, Joseph F. Henderson, American Federation of Government Employees, Washington, DC, Michael J. Snider, Snider and Fischer LLC, Baltimore, MD, for Defendants.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff instituted this action "to obtain specific performance and damages of a Settlement Agreement executed on August 9, 2002," between herself and defendants." Verified Complaint, at 2. Defendants, the Commissioner of the Social Security Administration, the American Federation of Government Employees, AFL–CIO, Local 1923, and Michael J. Snyder (general counsel to the union) have filed motions to dismiss.[1] In response to the motion, plaintiff does not deny that this court lacks jurisdiction to grant specific performance or award damages under the Settlement Agreement. Rather, she now asserts that the Settlement Agreement was procured by fraud and that she is invoking this court's jurisdiction to determine the validity of the Agreement.

It is extremely doubtful that even now plaintiff has asserted any claim over which this court has subject matter jurisdiction. One thing is clear, however: when plaintiff

---

1. Prior to the motions to dismiss being filed, this court erroneously entered an order directing that the Commissioner proceed to arbitrate plaintiffs' claim under a provision of the Settlement Agreement. On February 3, 2004, I entered an order suspending that order. The order is hereby formally rescinded.

originally filed this case, she did not seek a determination that the Settlement Agreement was invalid but rather sought to specifically enforce it. This court lacked the jurisdiction to entertain that claim, and this action accordingly will be dismissed.[2]

A separate order dismissing this action is being entered herewith.

## ORDER

For the reasons stated in the accompanying memorandum, it is, this 1st day of March 2004

ORDERED that this action be dismissed for lack of subject matter jurisdiction.

---

**2.** Plaintiff has not moved to amend her complaint. If she had done so, this court would lack jurisdiction to entertain the motion because it lacked subject matter jurisdiction over the original complaint. *See Aetna Casualty & Surety Co. v. Hillman,* 796 F.2d 770, 775 (5th Cir.1986); *Benn v. Seventh–Day Adventist Church,* 304 F.Supp.2d 716 (D.Md. 2004). In any event, even if I had jurisdiction to entertain the motion, I would have exercised my discretion to deny it. The relationship between the parties has been troubled and acrimonious, and if plaintiff wants to continue on a litigious course, it is incumbent upon her to state her claims (and the basis for this court's jurisdiction to hear them) clearly and unequivocally from the outset.